SMITH  assigned to them, before the receipts were given.

v.

BARKER.

The plaintiffs contended, that the *onus probandi* lay upon the defendant; that every endorsed note was presumed to have been endorsed the day it was made, or at any rate, before it became due, unless the contrary were shown.

And of this opinion was LIVINGSTON, J.

EDWARDS, J. was of a contrary opinion; and strenuously contended, that the *onus probandi* lay upon the plaintiffs.

It afterwards appeared, that the case was with the plaintiffs on other grounds.

*Daggett* and *Bristol*, for the plaintiffs.

The *District Attorney*, for the defendant.

---

### NATHAN SMITH *against* JACOB BARKER.

Where the declaration alleged an undertaking in consideration of a contract entered into by the plaintiff to *build* a ship, and the evidence was of a contract to *finish* a ship partly built, it was held, that the variance was fatal.

THE declaration was as follows: " That before the 8th day of *February*, 1806, the plaintiff had entered into a certain contract with the defendant, to build him a ship, which, on said 8th day of *February*, was building, the same not being finished; and the defendant, on said 8th day of *February*, in consideration of the plaintiff's building said ship, and the sums which would become due to the plaintiff for building said ship pursuant to said contract,

and in part payment thereof, made, executed and deliver- ed to the plaintiff his certain writing, or note, in the following words, to wit, "Dollars 500. Whereas *Nathan Smith* is building a ship for me on the contract, for which I shall have to pay him a considerable amount, when said contract is completed, I hereby agree to pay said *Nathan Smith*, or order, five hundred dollars, as soon as that amount shall become due *per* said contract. *Jacob Barker*;" as *per* said note, which, without date, was, in fact, executed and delivered at *New-York*, on said 8th day of *February*, now ready in court to be shown will fully appear. And the plaintiff says, that he did afterwards complete and finish said ship, according to contract, and said sum of five hundred dollars became due to the plaintiff in the month of *May*, 1806, when said ship was completed and finished, and to the defendant delivered, and by him received; which sum of five hundred dollars the defendant hath never paid, nor any part thereof, according to the tenor of said writing, but the same is now justly due. Whereupon the plaintiff says, that by reason of the premises, and by force of said writing, the defendant, on or about the 1st day of *May*, 1806, after said ship was completed and delivered to the defendant, became justly indebted and liable to pay him said sum of five hundred dollars, and being so liable and indebted, the defendant did afterwards, on said 1st day of *May*, in consideration thereof, assume upon himself, and to the plaintiff faithfully promise," &c.

The plea was *non assumpsit*.

The plaintiff, to make out his case, read in evidence the following contract: " *New-London*, 26th of *October*, 1805. I agree to finish the ship I am now building at *Stonington* in about one month, in a workmanlike manner, with patent windlass, flush decks, &c. [particularly specifying the manner in which the decks, hull, masts,

&c. were to be made,] when I agree to sell her to *Jacob Barker* at thirty dollars per ton, carpenter's tonnage, payable one thousand dollars cash in all next month, pay my draft at sixty days for five hundred dollars, one hundred dollars of prime flour in *New-York* at the market price, two thousand five hundred dollars in six months after the ship is completed, and the other half in merchandise, at the market price, such articles as I may want. If, however, the ship don't suit Captain *G. Barney*, the said *Barker* is to take only one half of her at the above rates, and these payments to be in proportion.

" *Nathan Smith.*

" *Jacob Barker.*"

*Goddard* and *Cleaveland*, for the defendant, insisted, that the contract proved was not the same with that described in the declaration.

First, the consideration is not the same. The declaration states the contract to be *for the building of a ship.* The consideration of the contract proved is the *finishing* and *selling* of a ship to *Barker*.

Secondly, the declaration states, that the money was due on *the* 1*st of May.* The proof is, that it was not due until *November*, six months afterwards.

Thirdly, the contract proved says, that the ship, when finished, was to be sold to *Barker*. But on this point the declaration alleges nothing.

*Daggett*, in reply, observed,

First, that the consideration stated in the declaration, to wit, *the building of the ship*, was taken from the words

of the note on which, &c. As the note recites the con- April, 1809.
sideration, we are correct in taking the description of SMITH
the contract, which the note has given.     v.
BARKER.

Secondly, that the money is proved, as we contend, to have been due, as stated, *on the* 1*st of May.* This is a question of fact, which the jury must determine.

Thirdly, that if the declaration is defective for want of more allegations, advantage may be taken of such deficiency by motion in arrest, but it is no variance.

LIVINGSTON, J. It is the opinion of the court, that the consideration alleged is so different from the one proved, that we cannot let it go to the jury. The consideration alleged is the building of a ship. The consideration proved is the finishing of the ship *Eliza,* already built in part, and the selling it to the defendant. Every one knows that to build a ship for another is an essentially different thing from finishing one partly built, or selling one finished. This ship was *Smith's,* while she was building, till she was finished, and till she was sold and delivered. Without deciding any other points which have been made,(*a*) we are of opinion that none of the proof offered with respect to the contract in this case can go to the jury.

The plaintiff then moved to amend.

This was objected to, on the part of the defendant, on the ground that it was too late.

THE COURT said, that the plaintiff could amend in any stage of the trial, if the case had not been actually committed to the jury.

A declaration may be amended in any stage of the trial, before the case is actually committed to the jury.

(*a*) Several other points of law were made by counsel, in the course of the trial; but as no decision was had upon them, it was not thought best to state them particularly in this report of the case. R.

April, 1809.

SMITH
v.
BARKER.

On the 26th of *October*, 1805, *A.* agreed to finish a ship then partly built, in about one month, and then sell her to *B.* at a certain price per ton, payable in a manner, and at times, specified. On the 8th of *February*, 1806, *B.* gave his note for the payment of a certain sum as soon as that amount should become due on the contract. Held, that this note became payable only upon a strict fulfilment of the contract on the part of *A.*; that a finishing and delivery of the ship on the 30th of *April*, 1806, was not such a fulfilment; and that a release from *B.* of all exceptions arising from a non-fulfilment would not give *A.* a right of action on the note.

The declaration was accordingly amended, by inserting and declaring upon the contract above recited. Then there was inserted a letter from the defendant to the plaintiff, dated *November* 21st, 1805, in which the defendant concludes to take the whole ship, and introduces a Captain *Waterman* as his agent, to superintend the finishing of the ship. Then it was averred, that *Waterman* did superintend the finishing and rigging of the ship; and that the defendant, on the 8th day of *February*, 1806, in pursuance of the contract, executed the note on which, &c. The plaintiff then introduced an averment, that he finished the ship, in all respects, as specified; sold her to the defendant, on the 30th of *April*, 1806; and delivered her with a bill of sale to *Waterman*, as the agent of the defendant; that *Waterman* received the ship, and made an endorsement upon the contract in the following words: "Received the ship of Captain *Nathan Smith*, agreeable to the within contract; and I, as attorney to *Jacob Barker*, do discharge said *Smith* from all demands, that said *Barker* has by law or equity, for not delivering her before; as witness my hand, this 30th day of *April*, 1806.

" *D. Waterman*, attorney for *J. Barker*."

The plaintiff then averred, that by said writing of the 8th of *February*, 1806, the defendant assumed, and promised to pay to the plaintiff, or his order, five hundred dollars, as soon as that amount should become due by said contract; and that on the 30th of *April*, 1806, said sum was due from the defendant to the plaintiff, by said contract, and by the completion, delivery and sale of said ship.

After the declaration had been thus amended, it was agreed by the counsel, to submit the case to the same jury, who had heard the evidence adduced in the former stage of the trial.

LIVINGSTON, J. in his charge to the jury, said, that the contract now stated in the declaration was, that *Smith* should finish the ship *Eliza* in a workmanlike manner, and sell her to *Barker* in about one month. The defendant had objected, that this contract was not complied with, because the ship was not built in a workmanlike manner. Little proof had been adduced by the defendant to this point; and he considered it as not much insisted on by his counsel. As to the *time*, it was proved, that the ship was not delivered till after six months had elapsed. Nobody could consider this as the fulfilment of a contract to deliver in about one month. But it was insisted, for the plaintiff, that whatever breach of contract there has been, on his part, all advantage to be derived from it had been waived expressly by the defendant. But this note was to become payable, when the sum of five hundred dollars should become due on the contract. If the contract was not complied with, this note could not have become due. The court were decidedly of opinion, that if *Barker* had expressly waived all exceptions arising from want of fulfilment of the contract, by writing under hand and seal, yet this note would never have become due.

The plaintiff thereupon suffered a nonsuit.