STONE (KNIGHT v.). See Case No. 7,888.

## Case No. 13,484.

STONE et al. v. LAWRENCE.

[4 Cranch, C. C. 11.] [1]

Circuit Court, District of Columbia. May Term, 1830.

PLEADING AT LAW—PROOF—VARIANCE—SPECIAL BAIL.

A note, payable on its face, "at St. Louis, in the territory of Missouri," cannot be given in evidence upon a count on the note, not so describing it; but it may be given in evidence upon the count for money had and received; and a motion to appear without special bail, was overruled.

Assumpsit, by [David Stone and others] the payees, against [William Lawrence] one of the makers of a joint and several promissory note, dated at Michillimackinack, on the 31st July, 1819, for $6,497.17, and payable at St. Louis, in the territory of Missouri, to the plaintiffs or order. Upon the return of the writ, this note was produced as the cause of action. The declaration had two counts upon the note, but did not state that it was payable at St. Louis, or dated at Michillimackinack, or elsewhere. There was a third count, for money had and received.

R. S. Coxe, for defendant, moved to enter the defendant's appearance without bail, and cited the case of Hyer v. Smith [Case No. 6,-979].

CRANCH, Chief Judge. The note, being payable at St. Louis, and not so described in the declaration, cannot be given in evidence upon either of the counts upon the note. There is a substantial difference between the note produced and the note described in the declaration. The plaintiffs were not bound to receive the money at any other place than St. Louis, nor were the defendants bound to pay it at any other place, until they had failed to pay it at St. Louis, according to the terms of the contract. There is, therefore, a material variance between the note produced and the counts founded upon it. See the following cases: Sheehy v. Mandeville, 7 Cranch [11 U. S.] 208; Ferguson v. Harwood, Id. 408; U. S. v. McNeal [Case No. 15,700]; Pope v. Barrett [Id. 11,273]; Munns v. Dupont [Id. 9,926]; Trask v. Duvall [Id. 14,143]; Smith v. Barker [Id. 13,013]; Page's Adm'r v. Bank of Alexandria, 7 Wheat. [20 U. S.] 35.

But there is a count for money had and received, upon which the note is evidence, especially as the suit is between the original parties to the note,—that is, the payees against the maker. Harris v. Huntbach, 1 Burrows, 373; Chit. Bills (1st Ed.) p. 191, pt. 2, c. 2.

This case differs from that of Hyer v. Smith (in this court, at May term, 1829) [Case No. 6,979]. In that case, there was not, at the time of the arrest of the defendant, any count in the declaration sent with the writ, upon which the bill of exchange would have been evidence. But here is a count for money had and received, which, we think, may be supported by the note. In that case the question arose upon an amendment made by the plaintiff, and which he was obliged to make, to let in the bill of exchange as evidence upon either of the counts. The count upon the bill averred it to be indorsed to the plaintiffs, Hyer & Burdett, but the bill offered in evidence, was indorsed to Hyer, Burdett & Bremner. This objection was as fatal upon the money counts as upon the count on the bill, for it was evidence of money had and received, to the use of three, when there were only two plaintiffs; the amendment, therefore, introduced a new cause of action. But here the question is not whether the plaintiff shall amend his declaration, but whether the note is evidence upon the count for money had and received.

If the plaintiff should ask leave to amend his declaration, and he should amend it, it may be a subsequent question whether the bail shall be discharged.