Jewett v. Lyon.

Judgment affirmed.

*C. Bates*, for appellants.

*Casady & Tidrick*, for appellees.

————○○●————

JEWETT *v.* LYON *et al.*

Where a promissory note was given for a certain quantity of land, and stipulated that if the quantity did not hold out, that a corresponding deduction should be made from the amount of the note ; held that the *onus* was upon defendant to show that the land did not contain the stipulated quantity.

APPEAL *from Polk District Court.*

*Opinion by* KINNEY, J.   Lyon & Allen filed a petition against Jewett, and set forth the following, as a copy of the note sued on:

" $75,000.—Twelve months from date, I promise to pay Hiram Nutting, or order, seventy-five dollars, for value received, May 4th, 1850.

" The above note is given in part payment of a piece of land, this day purchased of said Nutting, deeded to him by Anson Balding, and to said Balding by Edwin Hall and

44

wife, and Edward Hall and wife. containing three and a half acres. Now if said land shall hold out three acres and a half, when surveyed, then the above note is to be paid in full, if not then I am to pay in the proportion that one hundred dollars bears to three acres and a half.

" J. E. JEWETT."

Upon the back of this note was an assignment by the payee to Lyon & Allen.

The cause was submitted to the court by the parties, the plaintiff introducing the contract as the only evidence, whereupon the defendant moved for a non-suit for want of evidence to sustain the petition, which the court overruled, and rendered judgment in favor of the plaintiff for the amount due on the note. To this the defendant excepted, and assigns the decision of the court overruling the motion for error.

It is urged upon the part of the defendant in error that it was incumbent upon the plaintiffs to prove that the piece of land for which the note was given, contained three acres and a half in order to entitle them to recover the face of the note, and having failed to do this, that the court should have non-suited them. We do not think from a reasonable construction of the contract, that it was necessary for the plaintiff's to do any thing more than introduce their note. The burden of proof was then upon the defendant, and if he could show that by a survey of the land it did not hold out, the amount specified in the note would be proportionably reduced. This he did not attempt to do; did not even file a demurrer, or any other plea to the petition, or offer any defense whatever. By his agreement he promises to pay a specified amount on a day, certain. This amount by the condition attached, may be reduced in the event that the piece of land does not contain as much as the parties supposed it did. This permission was no doubt intended for the benefit of the payor, but it could only be made available

by showing on the trial that the piece of land purchased was less than three acres and a half. The condition attached to the note secures to him this advantage, and by his neglecting to interpose any defense by way of plea, or evidence, it is not unreasonable to presume that he obtained the number of acres specified in the agreement.

The obligation to pay is in all respects a promissory note, and the stipulations attached to it do not change in any respect its character, or weaken the liability of the maker. It only provides for a certain contingency, the *onus* to establish which are upon the defendant. Upon the introduction of this note in evidence, the plaintiffs made out a *prima facie* case, and in the absence of any rebutting testimony on the part of the defendant, the plaintiff's were entitled to recover, and hence the court did not err in overruling the motion for a non-suit.

Judgment affirmed.

*J. E. Jewett*, for appellant.

*W. W. Williamson*, for appellee.