## CHARLES O. NICKERSON *et al.*
### *v.*
## ELI SHELDON.

1. GENERAL DEMURRER — *one good count.* Where a declaration contains a special count upon a promissory note, and the common counts, if the latter are good, a general demurrer to the declaration should be overruled, no matter what may be the character of the special count.

2. EVIDENCE — *under the common counts — proving consideration.* A promissory note is evidence under the common counts in assumpsit without proving any consideration.

3. PROMISSORY NOTE — *what constitutes.* An instrument drawn in the ordinary form of a promissory note, contained this additional clause:. "And we further agree, if the above note is not paid without suit, to pay ten dollars in addition to the above for attorney's fees." *Held,* that this undertaking does not destroy the instrument as a promissory note. The amount due by the note is absolutely certain, and it possesses all the requisites of a negotiable instrument under the statute.

APPEAL from the Circuit Court of Fulton county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

Eli Sheldon brought his action of assumpsit in the court below, against C. O. Nickerson, James Robb and John J. Fast, upon the following instrument: .

"$495\frac{23}{100}$. By the fifteenth day of January, A. D. 1862, we jointly and severally promise to pay Amos Babcock or order, four hundred and ninety-five$\frac{23}{100}$ dollars, for value rec'd, and

we further agree, if the above note is not paid without suit, to pay ten dollars in addition to the above, for attorney's fees."

Canton, Feb'y 9th, 1857.        Signed, &c.

Babcock transferred the instrument to the plaintiff by indorsement.

The declaration contained a special count upon the instrument, (not declaring, however, for the ten dollars attorney's fee), and the common counts. The defendants interposed a general demurrer to the whole declaration, which was overruled by the court; and the defendants electing to abide by their demurrer, judgment in chief was rendered against them for the amount of the note and interest, not including the ten dollars agreed to be paid as attorney's fee.

From this judgment the defendants took this appeal.

The questions arising under the assignment of errors are, *First,* whether the court below properly overruled the demurrer, it being general, to the whole declaration, in view of the fact that the common counts were good. *Second,* whether the clause stipulating for the payment of ten dollars, attorney's fee, in the event payment should not be made without suit, deprived the instrument sued on of its negotiable character.

Mr. S. P. Shope, for the appellants.

Mr. G. Barrere, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was an action of assumpsit brought on a promissory note. The declaration counts specially on the note, and contains the common counts for money lent and advanced, had and received, paid, laid out and expended, and for goods and lands sold to the defendants by the plaintiff.

To the declaration a general demurrer was interposed, on which the court gave judgment for the plaintiff and assessed the damages.

We see no error in the proceedings of any character. The common counts being good, whatever may be the character of

the special count, the demurrer had to be overruled. The note was evidence under the common counts in the assessment of damages, without proving any consideration. *Bilderback* v. *Burlingame,* 27 Ill. 342.

But it is objected that the note sued upon was not negotiable under the statute. This objection is predicated on this clause in the instrument: "We further agree, that if the above note is not paid without suit, to pay ten dollars in addition to the above for attorney's fees."

It is said this undertaking destroys the instrument as a promissory note, since it requires extrinsic evidence to show that the note was not paid without suit, and the case of *Lowe* v. *Bliss et al.,* 24 Ill. 168, is referred to in support of the objection. In that case, the note was for a sum of money payable at the Kankakee Bank, Kankakee, Illinois, value received, with current rate of exchange on New York. This stipulation for current rate of exchange on New York made the amount due by the note uncertain, and so deprived it of its negotiability. But the amount due by this note is absolutely certain, and it possesses all the requisites of a negotiable instrument under the statute. *Stewart et al.* v. *Smith,* 28 Ill. 397. There is no uncertainty as to the precise sum of money to be paid on the maturity of the note. *Houghton et al.* v. *Francis,* 29 id. 244.

The plaintiff does not declare for the ten dollars, nor was it allowed to him in the assessment of damages. He recovered only the principal and interest due upon the note.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*