### George K. Johnson v. John Frisbie.

*Negotiable instrument: Rate of exchange.* A promissory note made in Michigan, and payable "with current rate of exchange on New York," is a negotiable instrument. — *Smith v. Kendall,* 9 *Mich.* 241.

*Heard April 2d. Decided April 3d.*

Error to Wayne Circuit.

This was an action of assumpsit, brought by the plaintiff as first indorsee of two promissory notes against the defendant as indorser of the same.

JOHNSON *v.* FRISBIE.

The declaration consisted of the common money counts at length, with a notice subjoined that two promissory notes, of which copies were also subjoined, would be given in evidence for the plaintiff, on the trial, under the money counts.

The defendant demanded a bill of particulars, and the plaintiff served upon him the following:

"SIR — Please to take notice that two certain notes, of which the following are copies, are a bill of particulars of the plaintiff's demand in this cause, and for the recovery of the amount due on which this action is brought, to wit:

DETROIT, 29TH MAY, 1860.

$4,196.67.

On the 10th of October next after date, I promise to pay to the order of Geo. K. Johnson, four thousand one hundred and ninety-six dollars and sixty-seven cents, with current rate of exchange on New York, at the banking office of W. A. Butler & Co.

N. P. STEWART.

Value received.
Indorsed, "GEO. K. JOHNSON."

DETROIT, 29TH MAY, 1860.

$4,196.67.

On the 10th of October next after date, I promise to pay to the order of Geo. K. Johnson, four thousand one hundred and ninety-six dollars and sixty-seven cents, with current rate of exchange on New York, at the banking office of W. A. Butler & Co.

N. P. STEWART.

Value received.
Indorsed, "GEO. K. JOHNSON."

The notes were duly protested.

The plea was the general issue.

On the trial, the defendant's counsel insisted that the notes were not negotiable promissory notes for the payment of a sum certain, without contingency, upon their respective faces, but that they provided for the payment of exchange on New York, which was a fluctuating item, to be fixed by extrinsic proof. He therefore claimed

that they were not admissible in evidence under the money counts; and further, that they were not evidence under the pleadings of any liability of the defendant to the plaintiff.

The court admitted the notes in evidence, against the defendant's objection, and the defendant's counsel excepted thereto.

The plaintiff's counsel then proved that there was due upon the said notes the sum of $11,524.36, and rested his case.

The defendant's counsel then proved that at the date and at the maturity of the notes the maker lived in Detroit, Michigan; that the indorser lived at Grand Rapids, Michigan, and spent much time and had his principal business in Detroit; and that the banking office of Wm. A. Butler & Co. was at Detroit.

He further proved that the rate of exchange between New York and Detroit was fluctuating; that since the giving of the notes to the time of trial it varied from one-eighth to three-fourths of one per cent; and that at other times its variations had been greater.

The case was submitted to the court by the respective counsel.

On 20th March, 1866, the court, without a special written finding of facts, decided generally in favor of the plaintiff, and ordered judgment for him for $11,580; being for the amount found due on the trial and interest subsequently.

*T. Romeyn,* for plaintiff.

1. If these notes be not, by their terms, negotiable notes, within the meaning of the Law Merchant, the defendant, on the pleadings and evidence in this case, is not liable.

*a.* On general principles, and according to the weight of adjudged cases, an indorsement, by the payee of a

note, without negotiable words, does not render the indorser liable. — 1 *American Lead. Cas.* 322 *to* 325, *and cases there cited.*

*b.* None of the cases allow a recovery on the indorsement merely, according to its face, without additional evidence and in this form of pleading.

2. These are not negotiable notes.

*a.* A note for the payment of money may be a promissory note without being a negotiable note. — 1 *Comp. L.* 407; *Chitty on Bills*, 525; 6 *Term R.* 123; 46 *Me.* 390.

*b.* It is of the essence of a negotiable promissory note that it be for the payment of a named, certain sum. — *Chitty on Bills*, 133; *Bailey on Bills*, 12; *Story on Bills*, §§ 42 *and* 43; 2 *Mich.* 131.

*c.* Each of the notes in this case is dated at Detroit, and is payable in Detroit, and the maker lived in Detroit. It is for the payment of a sum certain. If it stopped there, it would have had all the requisites of a promissory, negotiable note. But it provides for the payment, in addition to the certain, specified sum, of "current exchange on New York."

*d.* The rate of exchange on New York is fluctuating, and unascertainable by calculation. Its exponent is a variable and uncertain quantity. This we know historically, and by the evidence in this case.

It matters not whether it be exchange on New York, or San Francisco, or Calcutta. The principle is the same.

The clerk of the court could not assess damages on this instrument. It must be submitted to a jury or the court, on evidence. — 2 *McLean*, 85, 581.

*e.* On principle, this element of uncertainty in amount must be held fatal; and such are the results of the adjudged cases.

*Lowe v. Bliss*, 24 *Illinois*, is exactly in point. *Smith v. Kendall*, 9 *Mich.* 241, is not opposed, if we keep in

view the terms of the note. In that case the note was dated in New York, and was payable in New York. The addition "with current exchange on New York," was simply superfluous and did not vary the promise to pay a certain sum. It was surplusage, and without legal effect. 29 Ill. 102, 115.

And so Judge Christiancy thought and ruled.

The cases cited by Judge Manning do not touch the present question. Pollard's case, 3 B. & P. 335, was a suit against the maker by the promisee, or payee, and the declaration was special. No question of negotiability arose.

Leggett v. Jones, 10 Wis. 34, did not present this question. It went up on a point of pleading, under the code; was between the immediate parties, and was very imperfectly argued and decided.

Taylor & Hartwell, for defendant in error.

A judgment was recovered in the circuit court for Wayne county, against the plaintiff in error as endorser of promissory notes given for sums named therein, "with current rate of exchange on New York."

The case is removed to this court by writ of error.

1. The question presented is, whether the addition of the words "with exchange on New York," deprives the note of its negotiable character, and whether the plaintiff in error can be held as endorser of such notes.

This question came fairly before this court in the case of Smith v. Kendall, reported in 9 Mich. 241, and the negotiable character of the paper was sustained.

The matter of exchange is simply an incident of payment for the convenience of the parties. It is for the advantage of commerce that such paper should be negotiable, and it is within the language and spirit of the act. — 10 Wis. 34; 19 Johns. 144; 4 Ala. 32; 1 Barn. & Cress. 193.

In case of *Arnold v. Rock River Valley Union R. R. Co.*, 5 *Duer*, 207, the court held that an instrument which is, in its terms and form, a negotiable promissory note, does not loose that character, because it also contains a special contract for securing the payment of the money. — Citing 4 *Barn. and A.* 617; 10 *Ad. and E.* 98; 28 *E. L. and Eq.* 108; 3 Hill, 389.

The class of paper which has been held not to be negotiable, contained conditions or provisions which made the note something entirely different from what is known as commercial paper — or which, in addition to containing a promise for the absolute payment of money, contain promises for the performance of other acts, having no reference to, or connection with, the money promised to be paid.

Eastern merchants generally take their notes payable "with exchange on New York." It is a usual custom, and it is intended that goods shall be paid for in New York, or in a manner equivalent to payment in New York. The payment near the home of maker or endorser, is for his convenience.

CAMPBELL J.

Johnson was sued as endorser of two promissory notes to his order, dated and payable in Detroit (where the maker resided and the endorser did business), *with current rate of exchange on New York*. His defense rests entirely upon the want of negotiable character in such a note, and no other question is presented.

We consider this point as settled by the decision in *Smith v. Kendall*, 9 *Mich. R.* 241, in which it was held by a majority of the court, that making a note payable with current exchange did not destroy its negotiability. An attempt has been made to distinguish this case from that, because it is said that note was actually payable in New York, and therefore there could be no exchange on

it. The court, however, had no judicial knowledge that the note was so payable, and the case was presented upon an entirely different basis, it being assumed to be payable elsewhere. The decision was based exclusively upon the assumption that such notes were negotiable wherever they might have been made payable, and no other question was entertained.

Regarding the point made in the case before us as precisely covered by that adjudication, we are not called upon to discuss it further.

The judgment must be affirmed, with costs.

COOLEY and CHRISTIANCY JJ. concurred.

The Chief Justice did not sit.