SPERRY v. HORR.

1. Promissory note: NEGOTIABILITY. Promissory note, the body of which was in the following form: "One year after date, for value received, I promise to pay A. S. Jones & Co., or bearer, the sum of $100, with ten per cent interest until paid. If not paid when due, and suit is brought thereon, I hereby agree to pay collection and attorney fees therefor." It was urged that the clause respecting the payment of attorney fees destroyed the negotiable character of the note, but the court held otherwise.

2. —— POST STAMPING. The defense that a note was not stamped until after it was issued is not available against a *bona fide* holder who received it in ignorance of that fact. Following *Blackwell* v. *Denie*, 23 Iowa, 63.

*Appeal from Monroe District Court.*

THURSDAY, JULY 27.

ACTION upon two promissory notes, each in the following form:

"$100.          KNOXVILLE, Iowa, *Sept.* 8, 1869.

"One year after date, for value received, I promise to pay A. S. Jones & Co., or bearer, the sum of $100, with ten per cent interest until paid. If not paid when due, and suit is brought thereon, I hereby agree to pay collection and attorney fees therefor.

"JOSEPH HORR."

Plaintiff is the holder of these instruments. Defense, fraud in procuring their execution, want of consideration, etc., and that the notes were not stamped when executed and delivered to the payees.

Upon a trial to the court without a jury judgment was rendered for the amount of the notes with interest, but no recovery was had upon the agreement to pay collection and attorney fees. Defendant appeals.

*Atherton & Anderson* for the appellant.

*Stone, Ayers & Curtis* for the appellee.

BECK, J. — I. The question raised by appellant relates to the sufficiency of the instruments sued upon as promissory

1. PROMISSORY NOTE: negotiability.

notes, and the defense pleaded, that they were not stamped by defendant. If the instruments are non-negotiable the facts found by the court are sufficient to defeat recovery in this action; if negotiable, the judgment of the district court, so far as the defense of fraud, want of consideration, etc., are concerned must be sustained. We are required, therefore, to determine whether the instruments are promissory notes. It is claimed that they are not, because they are not for the payment of a *certain* sum of money; the agreement obligating the maker to pay collection and attorney fees, it is insisted, renders the amount payable uncertain, and thereby destroys their character as negotiable paper.

The rule that to constitute a negotiable promissory note there must be entire certainty and precision as to the amount of money to be paid, is fully admitted, and understood to be inflexible. But, in our opinion, the instruments which are the foundation of this suit are, within the meaning of this rule, for the payment of a certain and precise sum, and are, therefore, to be considered promissory notes.

The sums payable by the terms of the notes are fixed and certain; they are subject to no increase or diminution. When they matured, no inquiry was necessary to be made as to facts not apparent on the face of the notes, in order to fix the amount due; recovery could have been had upon the notes themselves, without other evidence. The agreement for the payment of attorney fees in no sense increased the amount of money which was payable when the notes fell due, and we are unable to see that it ren-

dered that amount uncertain in the least degree. It simply imposed an additional liability in case suit should be brought, and such liability did not become absolute until an action was instituted. This agreement relates rather to the remedy upon the note, if a legal remedy be pursued, to enforce its collection than to the sum which the maker is bound to pay. It is not different in its character from a cognovit, which, when attached to promissory notes, does not destroy their negotiability. In our opinion, therefore, the court was correct in holding that the instruments sued on are negotiable, and not within the operation of the rule above stated. This conclusion is, we believe, supported by prior decisions of this court. *Jewett* v. *Lyon*, 3 Greene, 577; *Knipper* v. *Chase*, 7 Iowa, 147; *Green* v. *Austin*, id. 522.

Many authorities hold that an agreement incorporated in the body of a note binding the maker to pay, in addition to the amount named, exchange thereon, does not, under the rule just considered, destroy the negotiable character of the instrument. *Johnson* v. *Frisbie*, 15 Mich. 286; *Smith* v. *Kendall*, 9 id. 241; *Leggett* v. *Jones*, 10 Wis. 35; *Grutacap* v. *Woullnise*, 2 McLean, 581.

Under the principles of these decisions, there is no difficulty in holding the paper in question to be negotiable. The exchange provided by for the notes in these cases may be considered, however, as a part of the sum due the amount to be paid. But in the case at bar, as we have seen, the attorney's fees are not part of the sums due on the notes, but is an amount for which the maker may become liable when a legal remedy is enforced against him. There are other cases, probably equal in number and authority to those last cited, holding a contrary doctrine. See 1 Parsons on Bills and Notes, 38; *Lowe* v. *Bliss*, 24 Ill. 168; *Read* v. *McNulty*, 12 Rich. (Law) 445.

Without weighing these conflicting authorities, we are

of the opinion that the judgment of the district court ought to be affirmed upon the ground first stated.

II. The notes in suit were stamped while in possession of the payees, and before they were negotiated to plaintiff. It does not appear that they were not stamped by authority of the maker of the notes. Neither does it appear that the indorser had knowledge of the fact that they were not duly stamped by the maker. Under these circumstances, the notes must be held valid in the hands of plaintiff, who is a *bona fide* holder, without notice of the alleged infirmity of the paper: *Blackwell* v. *Denie*, 23 Iowa, 63.

