49    29
105   221

HENRY BOTSFORD v. ALBERT BOTSFORD, WILLIAM BART-
LETT, WILLIAM A. WEATHERHEAD AND
JOHN DONOVAN.

*Variance—Non-joinder—Defective pleading—Release of mortgaged land—
Waiver of defects in testimony—Costs—Attorney fee—Dismissal
of bill taken pro confesso.*

A note given by two persons was secured by a mortgage from only one
of them. The foreclosure bill described the note as given by the
mortgager, but no objection was made for non-joinder and the bill
made profert of the note and mortgage and described the mortgage
by its record. *Held* that this was not a case of misdescription and
therefore not one of fatal variance; and the non-joinder is unim-
portant unless as bearing upon personal responsibility.

A defective description of a paper in pleading is cured by referring to
the record of the paper, especially if the pleading also sets it forth
in full.

A release of mortgaged lands at the instance of the mortgager is no
defence to a bill of foreclosure if there is nothing to indicate that
the release was against the rights of any of the defendants.

Formal defects in testimony are waived by not moving to suppress.

Where a defendant in foreclosure is brought in under the general clause
as a party interested in the equity of redemption, and neither dis-
claims nor sets up any title that would give him a definite interest in
the litigation, but actively defends and puts the complainant to the
trouble of producing or meeting proofs that he has no concern with,
he makes himself personally liable for costs.

The attorney fee provided for in a mortgage cannot be allowed in decree-
ing foreclosure.

Costs of foreclosure are usually paid out of the proceeds of the sale.

*It seems* that a foreclosure bill should not be dismissed where all the par-
ties whose interests are involved allow it to be taken as confessed.

Appeal from Oakland. Submitted June 21. Decided
June 27.

FORECLOSURE bill. Complainant appeals. Reversed.

*D. L. Davis* and *Baldwin & Draper* for complainant.

*Cutcheon & Stellwagen* for defendant Donovan.

CAMPBELL, J. Complainant as mortgagee of Albert Botsford filed his bill to foreclose a mortgage on a considerable number of lots in South Lyon, dated December 18, 1877, for $2500 and interest. This mortgage was given to secure among other things a note for the amount mentioned signed by S. & A. Botsford, while in the bill the note is described as given by A. Botsford. It is claimed this is a variance. But no objection of non-joinder was made by any of the pleadings, and the bill made profert of both note and mortgage, and also described the latter by its record. Such reference it has always been held would cure the defect of description if it were a defect. But while if this were a suit at common law the misjoinder of both makers might be ground of abatement if pleaded, it is in no sense a case of misdescription, and therefore it could not be a case of fatal variance. And it does not become important at all except as to personal liability. There is no force in the objection.

It appears that lots 7, 8, 9, and 10 in block 13 have been released to defendant Weatherhead. Beyond this no releases appear, and no payments. No one but Donovan defended. He put in an answer which averred all the complainant's claim on the lands mentioned to have been discharged. This defence is not made out. And there is nothing to indicate that the discharge of Weatherhead's lots was against the rights of any of the defendants. It was done at the instance of the mortgagor.

We find no defects in the testimony of which defendants can complain. These defects are waived by not moving to suppress.

But it is at least doubtful whether Donovan can be heard at all, to raise some of the questions before us. He was brought in under the general clause that he had or claimed to have some interest in the equity of redemption. It is no averment or admission that he has any actual interest. He did not disclaim, and so it became prudent and proper to

retain him as a defendant so as to bar any possible claim he may have. But he did not by answer or proofs set up any title or interest whatever which would give him any definite interest in the litigation. He took an active part in defending and put complainant to considerable trouble in bringing in or meeting proofs which—so far as the record shows—he had no concern with. Had he disclaimed, or put in no defence, he would not have made himself personally liable for costs. But inasmuch as he is responsible for all the litigation he cannot claim that immunity.

Complainant is entitled to a decree of foreclosure on all but the Weatherhead lots for the amount due as reported by the commissioner, with interest from the date of his computation; but not including the attorney fee of $50, mentioned in the report. He is also entitled to costs of this court and the costs of the testimony in the court below against Donovan. The other costs below should be paid out of the sale, as usual in foreclosure cases.

The decree below must be reversed, and a decree entered in accordance with these views.

GRAVES, C. J. and MARSTON, J. concurred.

COOLEY, J. As all the parties who appear by the record to have interests allowed the bill to be taken as confessed, I agree that the court erred in dismissing the bill.