WILLIAM C. ORR and another

*v.*

LAMBERT N. HOPKINS.

Filed October 14, 1883.

1. PROMISSORY NOTE—"WITH EXCHANGE."
    The words "with exchange," inserted in a promissory note, by its terms made payable at a certain place, are mere surplusage, without significance, and do not affect the character of the instrument as a note.[1]
2. SAME—EVIDENCE—VARIANCE—COMMON COUNTS.
    Though the note in evidence is fatally variant from the note declared on in the special count, it will be received in support of a count for an account stated.
3. SAME—INTEREST.
    Interest at the legal rate only can be recovered on the common counts, though the note bear a higher rate by its terms.

Appeal from the second judicial district, Bernalillo county.

BRISTOL, J. The declaration in this case, in addition to the common counts in *assumpsit*, contains a special count upon a promissory note in the words as follows: "For that whereas the said defendant, heretofore, to-wit, on the first day of October, in the year of our Lord one thousand eight hundred and eighty-one, at, to-wit, the city of Saint Louis, Missouri,—that is to say, at, to-wit, the county of Valencia aforesaid, written St. Louis,—made his certain promissory note in writing, bearing date a certain day and year therein mentioned, to-wit, the day and year aforesaid, and thereby then and there promised to pay, four months after the date thereof, to the order of the said plaintiffs the sum of thirteen hundred and fourteen and 65-100 dollars, for value received, with interest at the rate of ten per cent. per

[1] See note at end of case.

annum from maturity, and then and there delivered tne said prom-
issory note to the said plaintiffs, by means whereof, and by force of
the statute in such case made and provided, the said defendant then
and there became liable to pay the said plaintiffs the said sum of
money in the said promissory note, (mentioned,) and being so liable,
he, the said defendant, in consideration thereof, afterwards, to-wit,
on the day and year aforesaid, at, to-wit, the county of Valencia afore-
said, undertook and then and there faithfully promised the said plain-
tiffs to pay them the said sum of money in the said promissory note
specified according to the tenor and effect thereof."

At the time of filing the declaration there was also filed therewith
a promissory note in writing in the words and figures as follows:

"$1,314.65.                             St. Louis, October 1, 1881.

"Four months after date, I, the subscriber, of Fort Wingate, county
of ———, state of New Mexico, promise to pay to the order of
Orr & Lindsley (a firm composed of William C. Orr and De Courcey
B. Lindsley) thirteen hundred and fourteen 65-100 dollars, with ex-
change, for value received, with interest at the rate of two per cent.
per annum after maturity, until paid, without defalcation or dis-
count, negotiable and payable at First National Bank, Santa Fe,
N. M.                                   L. N. Hopkins, Jr."

The defendant pleaded the general issue. Upon the trial the
plaintiffs offered in evidence the promissory note filed with the dec-
laration. This was objected to on the ground that it was not a
negotiable promissory note, in that it provided for the payment of
exchange over and above the principal and interest therein specified,
which rendered the amount to be paid thereon unliquidated and un-
certain, and, not being a promissory note, it did not import a con-
sideration. The note was further objected to as evidence, on the
ground of variance between it and the note declared on in the special
count. Both of these objections were overruled by the court, and the
note was received in evidence under exceptions. The only ad-
ditional evidence for the plaintiffs was that of the witness Childers,
which was very brief and as follows:

"*Gentlemen of the Jury:* I state, under my oath to you, that, on or
about the seventh day of March of this year, I went to Fort Wingate
for the purpose of seeing the defendant in this case, Lambert N.
Hopkins, in regard to the note sued on and the collection of the debt
of which it is the evidence. I presented this note to L. N. Hopkins.
Hopkins admitted the indebtedness and asked me not to bring suit
on it before the first day of April; that on that day he would pay it.
He failed to pay it and I therefore brought suit. I have computed
the interest on the note and find it to be $84.83; note, $1,314.65;
total, $1,399.48."

This testimony, also, was objected to on behalf of defendant, on the ground of its being immaterial, incompetent, and improper. The objections were overruled, and the evidence went to-the jury under exceptions. No testimony was offered on behalf of the defendant. No instructions were asked for by either party. The court, therefore, on its own motion, charged the jury to find for the plaintiffs. This instruction was excepted to on behalf of the defendant. The jury rendered a verdict for plaintiffs in the sum of $1,399.48. Defendant interposed motions in arrest of judgment and for a new trial, which were overruled, and judgment rendered for the plaintiffs in the amount specified in the verdict and costs.

Numerous errors are assigned on behalf of the plaintiff in error, but it is necessary to consider only those that are based upon the objections and exceptions already referred to. Whether, under any circumstances, the terms as to payment of exchange would destroy the character of an instrument in writing as a promissory note which otherwise would be a perfect promissory note,—which may be doubted, —no such question can arise in this case. The terms of the note as to exchange are mere surplusage and have no significance whatever. The note was made negotiable and payable at the First National Bank of Santa Fe, and payment at that bank, principal and interest, *without payment of any exchange*, would have been a full and complete satisfaction of the note. The note received in evidence is in all respects, upon its face, a valid negotiable promissory note, and the law implies a consideration for the promise therein contained. The objection to the note received in evidence, that it varies from the note as declared on, is no doubt well taken, so far as the special count in the declaration is concerned. No principle of law is better settled, under any system of pleading, than when a promissory note, bill of exchange, or other instrument in writing is sued on it must be set out in the declaration in each and all its material terms and conditions, according to their precise legal effect. 1 Chit. Pl. 305, with note 3, and authorities cited.

What constitutes the variance between the note as declared on in this case and the note received in evidence is, the former is made negotiable and payable generally or absolutely, while a limitation is placed upon the latter, in that it is made negotiable and payable at a particular specified place. It cannot be said, therefore, that the terms of both have the same legal effect. This has always been considered a fatal variance. 1 Chit. Pl. 309; 14 Pet. 43; 9 Wheat. 558; 4 Cranch, C. C. 11. Had the declaration contained only the special count on the promissory note, it is clear that, upon the evidence received under objection, it would have been error to have rendered judgment thereon for the plaintiffs in any sum whatever. But it seems that now the practice is sanctioned by high judicial authority of receiving promissory notes and bills of exchange as *prima facie*

evidence in support of any or all the common counts in *assumpsit* between the immediate parties. 2 Greenl. Ev. § 112.

It is difficult to comprehend the reasonableness of this practice to the extent it has been carried by some of the courts. It must necessarily lead to many absurdities. For instance, upon the common count for money lent, if supported by oral testimony, it would be necessary to prove that the transaction was essentially a loan of money; yet it is held that a promissory note, though it may have been given for work and labor, may be received to support the common count for money loaned. However this may be on principle, it is clear that every promissory note or bill of exchange necessarily includes an account stated between the immediate parties thereto; that is, that there had been a prior transaction or transactions between the parties, involving an indebtedness from one to the other,—a mutual settlement thereof upon examination, an acceptance thereof by them, resulting in finding a certain amount in money to be due, and a promise, express or implied, to pay the same. Upon every account stated the law implies a valuable consideration, and it is not necessary to inquire into the nature or items of the original account. 1 Chit. Pl. 358. Proof of a settlement and stated account between the parties makes out a *prima facie* case. A promissory note, therefore, is from its very terms the most satisfactory evidence that there had been a settlement between the parties, and that the principal sum therein specified had been found to be due from the maker to the payee. Chit. Cont. (10th Amer. Ed.) 723. The promissory note, therefore, was properly received in evidence in support of the common count, upon an account stated.

As no judgment could be properly rendered under the evidence on the special count on the promissory note, then we are to consider the case on the common counts exclusively, and as though no such special count was in the declaration. In this view of the case it is evident that the judgment is for a larger sum than is claimed under the common counts, which cannot exceed the sum of $1,314.65, and interest at 6 per cent. per annum from the date of the stated account between the parties to the date of the judgment. This is all that can be claimed under the common counts, and is all that is claimed in the declaration on these counts. At common law, in the absence of any statutory provisions as to interest, none could be recovered on any of the common counts. 1 Chit. Pl. 356. If, at the date of the account stated, there was a promise to pay interest at a stipulated rate above legal interest, then to recover the same, in addition to the amount due on the account stated, there should have been a count therefor alleging forbearance as the consideration for the promise. *Vide* " Count for Interest," 2 Chit. Pl. 88. Our statute allows interest at 6 per cent. per annum on money due upon the settlement of matured accounts. Prince, St. 414. This, of course, covers an account stated, and may

be recovered on a count on an account stated. Judgment cannot be rendered for a greater amount than the damages laid in the declaration. *Hogan* v. *Taylor,* Hemp. 20. On the common counts, therefore, the plaintiff is entitled to recover only the sum of $1,314.65, and interest thereon from the first day of October, 1881, at 6 per cent. per annum, instead of 10 per cent., as in the judgment rendered.

The proper practice on an appeal, where the record shows a judgment in excess of the amount laid in the declaration, and the amount of the excess is capable of exact computation, seems to be to permit the judgment creditor to file a remission of the excess, and, if done, to affirm the judgment as to the residue; otherwise, to reverse the judgment and order a new trial. 14 Cal. 640; 10 Iowa, 233; 20 Ind. 306.

It is ordered that the defendant in error have leave, until the second Monday of January, 1884, to file a remission, as indicated by this opinion, and, if done within that time, the judgment to be affirmed as to the residue; and on failure so to do, the judgment to be reversed and the cause remanded for a new trial.

(All concur.)

### NOTE.

NEGOTIABLE INSTRUMENTS—NEGOTIABILITY—WHAT DESTROYS. The weight of federal authority is to the effect that a note payable "with exchange" is non-negotiable, for such a stipulation renders the amount to be paid at maturity uncertain, the rate of exchange not being fixed, and this uncertainty violates an elemental principle of negotiable instruments. Hughitt v. Johnson, 28 Fed. Rep. 865; Bank v. McMahon, 38 Fed. Rep. 283; Bank v. Strother, (S. C.) 6 S. E. Rep. 313. In Bank v. McMahon, supra, it was held that the stipulation to pay "with exchange" destroyed the negotiability of the note and defeated the jurisdiction of the federal court, where that depended on the fact of the negotiability of the instrument sued on.

The courts are entirely divided as to the effect of a provision for the payment of counsel fees and costs of collection in case suit is brought on the note. In *Minnesota, Wisconsin, Dakota, Michigan, Pennsylvania, Missouri,* and *South Carolina* it is held that the stipulation to pay costs and attorney's fees destroys the negotiability of the note. Jones v. Radatz, (Minn.) 6 N. W. Rep. 800; Morgan v. Edwards, (Wis.) 11 N. W. Rep. 21; Bank v. Larsen, (Wis.) 19 N. W. Rep. 67; Garretson v. Purdy, (Dak.) 14 N. W. Rep. 100; Bank v. Wheeler, (Mich.) 42 N. W. Rep. 963; Altman v. Rittershofer, (Mich.) 36 N. W. Rep. 74; Altman v. Fowler, (Mich.) 37 N. W. Rep. 708; Bank v. Purdy, (Mich.) 22 N. W. Rep. 93; Bank v. Strother, supra; Bank v. Gay, 63 Mo. 33; Daly v. Maitland, 88 Pa. St. 384; Woods v. North, 84 Pa. St. 407; Adams v. Seaman, (Cal.) 23 Pac. Rep. 53. The *California* decision rests upon a provision in the Code of that state that negotiable instruments shall be made payable "without any condition not certain of fulfillment," the court holding that, as suit may not be brought for collection, the condition upon which attorney's fees and costs are to be paid is uncertain.

On the other hand, it is settled in the courts of *Iowa, Illinois, Louisiana, Kansas,* and *Kentucky,* and by the weight of federal authority, that such stipulations do not affect the negotiability of the instruments containing them. Nelson v. Everett, 29 Iowa, 184; Sperry v. Horr, 32 Iowa, 184; Weatherby v. Smith, 30 Iowa, 131; Nickerson v. Sheldon, 33 Ill. 372; Dietrich v. Baylie, 23 La. Ann. 767; Seaton v. Scovill, 18 Kan. 435; Gaar v. Banking Co., 11 Bush, 182; Adams v. Addington, 16 Fed. Rep. 89; Schlesinger v. Arline, 31 Fed. Rep. 649; Bank v. Ellis, 2 Fed. Rep. 45. In Hardin v. Olson, 14 Fed. Rep. 705, it was decided that such a stipulation did destroy the negotiability of the instrument, but the decision was placed distinctly on the ground that the point had so been decided in *Minnesota,* where the federal court was sitting, and where the instrument in question was executed and made payable. In Adams v. Addington, however, it was held that the question was one of general commercial law, and that the federal courts were not bound by the decisions of the state courts. The only federal decision which denies the validity of a stipulation to pay costs and attorney's fees is Bank v. Sevier, 14 Fed. Rep. 662, where CALDWELL, J., held that such a stipulation was invalid, as contrary to public policy, and that it could not be enforced at all. The cases maintaining that the stipulation to pay costs and attorney's fees does not render the instrument non-negotiable go upon the ground that there is no uncertainty as to the amount

necessary to discharge the note at maturity, because the provision for the payment of costs of collection, etc., only takes effect after maturity, upon the dishonor of the note.

The waiver of homestead and exemption benefits in a note does not render it non-negotiable. Lyon v. Martin, (Kan.) 2 Pac. Rep. 790; Hughitt v. Johnson, supra.

The addition of the maker's seal to his signature destroys the negotiability of the instrument. Rawson v. Davidson, (Mich.) 14 N. W. Rep. 565; Brown v. Jordhal, (Minn.) 19 N. W. Rep. 650. But if the maker is a corporation, contra. Auerbach v. Mill Co., (Minn.) 9 N. W. Rep. 799.

A condition contained in a memorandum written on the back of the note, that it shall only be paid in case a certain other note is not paid, destroys its negotiability. Grimison v. Russell, (Neb.) 16 N. W. Rep. 819. And so does a condition that the time of payment may be extended indefinitely, at the option of the payee. Smith v. Van Blarcom, (Mich.) 8 N. W. Rep. 90.

PLEADING—DESCRIPTION OF INSTRUMENT SUED ON—VARIANCE. Owing to the liberality of the legislatures and courts in allowing amendments to conform the pleadings to the evidence, the question of variance in actions on instruments in writing seldom arises. It has been determined that where a declaration in covenant describes the contract as one for the sale of "certain loose foundry property," at a given price, and the contract produced is an agreement under seal for the sale of land and buildings thereon, and also for the loose property described in the declaration for an entire consideration, the variance is fatal. Garner v. Cleaver, (Pa.) 19 Atl. Rep. 408. And where the declaration is on a promissory note, but the instrument produced in evidence is under seal, the variance is fatal. McCrummen v. Campbell, (Ala.) 2 South. Rep. 482. But where the declaration on a note contains three counts, two of which correctly describe it, but in the third there is a variance between the note described and the one proved, it is immaterial whether all consideration of the case under the third count be withdrawn from the jury or not. Roberts v. Hawkins, (Mich.) 38 N. W. Rep. 575. And where a bill to foreclose a mortgage describes the notes as made by one person, when in fact they are made by two, the variance is immaterial. Botsford v. Botsford, (Mich.) 12 N. W. Rep. 897. And where, in a suit on a bond, the petition states that it is for $6,000, but a certified copy of the bond made a part of the petition shows that it is for $6,500, the bond for the latter amount is admissible in evidence, as the variance is not misleading. Mast v. Nacogdoches Co., (Tex.) 9 S. W. Rep. 267. That the declaration on a policy of insurance states the consideration of the contract to be the premiums, while the policy itself expresses that it is made "in consideration of the representations made in the application" and the premiums, does not constitute a variance. Insurance Co. v. Raddin, 7 Sup. Ct. Rep. 500. In a suit on time-checks described in the petition, but not stated to bear indorsements, the fact that they are indorsed does not constitute a variance. Railway Co. v. Cockvill, (Tex.) 10 S. W. Rep. 702.