MARCUS A. WOLFF

v.

WILLIAM M. DORSEY.

*Negotiable Instruments—Notes—Provision in for Payment of Attorney's Fee—When Impairs Negotiability.*

1. The amount made payable by a negotiable instrument at maturity must be certain, and if this amount is made uncertain by requiring the payment at maturity of an indefinite sum for collection expenses and the like, then the instrument is made non-negotiable; but if the amount payable at maturity is certain, it is not rendered uncertain by a stipulation to pay an indefinite sum for attorney's fees and other expenses to be incurred and paid after maturity.

2. The consideration of a note is an entirety and supports each substantive part, the agreement to pay attorney's fees as well as the rest.

[Opinion filed November 21, 1890.]

IN ERROR to and appealed from the Circuit Court of Macoupin County; the Hon. J. J. PHILLIPS, Judge, presiding.

Mr. A. N. YANCEY, for plaintiff in error and appellant.

Messrs. PALMER & SHUTT, for defendant in error and appellee.

WALL, J.    This was a suit by appellant against the appellee to recover the sum of $1,619.23, for the attorney fees specified in the notes sued upon in the preceding case between the same parties.    The instruments so sued upon were in the following form, the only difference being as to amount and time of payment.

"$543.47.            BUNKER HILL, ILL., December 31, 1885.

On or before eighteen months after date, for value received, we, or either of us, promise to pay to the order of George W. Belt, five hundred and forty-three and forty-seven one-hundredths dollars, payable at the banking house of Belt Bros. & Co., in Bunker Hill, Illinois, with eight per cent interest per annum, after maturity, and if not paid when due and suit is brought thereon, then we promise to pay ten per cent on the amount due hereon in addition, as an attorney's fee, and to be recovered as a part of this note or by separate suit.    The makers and indorsers of this note hereby severally waive presentment for payment, protest and notice of protest and non-payment, and no extension of time of payment, by payment of interest in advance or otherwise, shall release either of us from the obligation of payment.

WILLIAM M. DORSEY."

The declaration in the present suit averred that these notes were not paid at maturity, that suit was brought thereon and that the sum therein demanded for said fees had not been recovered in said suit.    A demurrer was sustained to the declaration and judgment was rendered against the plaintiff for cost.    The plaintiff brings the case here by appeal.

It is urged in support of the judgment that the stipulation for the payment of attorney's fees rendered the instrument non-negotiable; that it was not a promissory note because by said stipulation it was deprived of the element of certainty as to the sum to be paid, which it is conceded is one of the

essential features of a promissory note. What, then, is the effect in this respect of such a provision in an instrument which in all other particulars is a promissory note ? In Nicholson v. Sheldon, 33 Ill. 372, the instrument contained the following:

"And we further agree if the above note is not paid without suit to pay ten dollars in addition to the above for attorney fees," the stipulation differing from this only in not providing that the fee might be "recovered as a part of this note or by separate suit." It was objected that this clause rendered the instrument non-negotiable, but the court held otherwise and sustained the judgment in favor of the indorsee for the amount of the principal and interest. The plaintiff in that case did not declare for the fee and did not seek to recover it in the suit on the note and as it was not provided that it might be recovered as a part of the note, it is probable he could not successfully have claimed it in said proceeding. In Daniel on Negotiable Instruments, Sec. 62 (2d Ed.), it is said that such provisions do not impair negotiability and that the liability so imposed as for every engagement imported by the note or bill enters into the acceptor's and indorser's contract. The author admits, however, that the early cases are not all in accord with this view and many of them hold to the contrary. The later cases are quite harmonious and the trend of modern decisions is to the effect that where the condition superadded is to waive an exemption or to confer a remedy in respect to collection, thereby rendering the paper more valuable, there is no loss of negotiability. We extract the following from the opinion in Stoneman v. Pyle, 35 Ind. 103, found in the note to Daniel's text commenting upon such a clause.

"It may be conceded that a note in order to be placed upon the footing of bills of exchange must be for a sum certain, for in no other way can the maker know precisely what he is bound to pay or the holder what he is entitled to demand. But the note in question, if paid at maturity or after maturity before suit brought thereon, is for a sum certain. On the maturity of the note the maker knew precisely what he was bound to pay and the holder knew what he was entitled to

demand. In the commercial world commercial paper is
expected to be paid promptly at maturity. The stipulation
for attorney's fees could have no force except upon a viola-
tion of his contract by the defendant. Had the defendant
kept his contract and paid his note at maturity or afterward,
before suit, he would have been required to pay no attorney
fee nor would there have been any difficulty as to the extent
of his obligation. We see no reason on principle or authority,
or on grounds of public policy, for holding that such a stipu-
lation destroys the commercial character of paper otherwise
having such character. The case is quite analogous to a class
of cases on the subject of usury. Says Mr. Parsons: 'So if
the borrower agrees to pay the sum borrowed at a time certain,
or on demand with lawful interest, and if he fails to do so, so
much more by way of penalty, even if it be called extra inter-
est, this is not such usury as would affect the contract, because
the borrower has the right to pay the principal and avoid the
penalty.' 2 Parsons on Notes and Bills, 413–14. So here the
defendant had the right to pay the face of the note when due
and avoid the attorney fees. As long as the note retained the
peculiar characteristics of commercial paper, viz., up to the time
of maturity and dishonor, the amount to be paid on the one hand
and to be received on the other was fixed and definite." To
the same effect are Sperry v. Harr, 32 Iowa, 184; Gaar v.
Louisville Banking Co., 11 Bush (Ky.), 180; Seaton v. Sco-
ville, 18 Kan. 433; Adams v. Addington, 16 Fed. Rep. 89;
W. S. M. Co. v. Moreno, 6 Sawyer, 35; Bank, etc. v. Ellis,
Ib. 96; Howenstein v. Barnes, 5 Dillon, 482; Dretrick v.
Baylie, 23 La. Ann. 767; 1 Randolph on Com. Paper, Sec.
205, and notes.

In Seaton v. Scoville, *supra*, Brewer, J., quotes with
approval from the Kentucky case the following, viz.: " The
reason for the rule that the amount to be paid must be fixed
and certain, is that the paper is to become a substitute for
money and this it can not be unless it can be ascertained from
it exactly how much money it represents. As long, therefore,
as it remains a substitute for money, the amount which it
entitles the holder to demand must be fixed and certain; but

Wolff v. Dorsey.

when it is past due it ceases to have that peculiar quality denominated negotiability, or to perform the office of money, and hence anything which renders its amount uncertain only after it has ceased to be a substitute for money, but which in no wise affected it until after it had performed its office, can not prevent its becoming negotiable paper."

The conclusions to be drawn from the foregoing authorities are, that the amount payable by a negotiable instrument *at maturity* must be certain; if this amount is made uncertain, by requiring the payment *at maturity* of an indefinite sum for collection, expenses as attorney's fees and the like, then the instrument is rendered not negotiable on account of the uncertainty in amount, and being not negotiable indorsees can not sue upon the instrument, though the payee may sue the maker.   But if the amount payable *at maturity* is certain, it *is* not rendered uncertain by a stipulation to pay an indefinite sum for attorney's fees or other expenses to be incurred and paid *after maturity;* such provisions tending to render the instrument more valuable, by insuring the holder against loss or expense in making collection, are not regarded with disfavor by the courts, and pass with the instrument by indorsement, and may be enforced by the indorser in his own name.   Tested by those principles the instruments in question must be regarded as promissory notes and negotiable as such.

It is argued in behalf of appellee that no consideration is averred or appears from the alleged facts to support the promise to pay such fees.   We think the position is untenable, for the reason that whatever supports the undertaking in one particular will support the whole.   The instrument being a promissory note, a consideration is implied as well as expressed.   That consideration goes to the undertaking as an entirety, supporting each substantive part as well as the whole. It applies as well to the attorney fee as to the waiver of protest, interest after maturity, or the principal itself.   It is all one and supports the entire contract, all of which having passed to the indorser may be enforced by him according to its terms.

We are of opinion the declaration disclosed a cause of action in the plaintiff, and that it was error to sustain the demurrer. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*