## RICHARD BULGER *versus* RICHARD ROCHE.

Where a debt was contracted in a foreign country, between subjects thereof, who remained there until the debt became barred by the law of limitations of such country, it was *held* that our statute of limitations could not be pleaded in bar to an action upon the debt, brought within six years after the parties came into this commonwealth.

ASSUMPSIT on a promissory note given by the defendant to the plaintiff at Halifax, Nova Scotia, dated February 5, 1821, payable on demand.

The defendant pleaded 1. the general issue; and upon this issue a verdict was found for the plaintiff: — 2. *actio non accrevit infra sex annos* : — and 3. *non assumpsit infra sex annos.*

---

To the second plea the plaintiff replied, that at the time when the action accrued he was beyond sea, without any of the United States, to wit, at Halifax, and there lived until he afterwards, to wit, on the first day of June 1829, came into the United States, and that within six years after his so coming into the United States, to wit, on the 8th of August 1829, he commenced this action.

The defendant rejoined, that the plaintiff and the defendant were both aliens, and were, at the time when the supposed cause of action accrued, inhabitants of Halifax, living under the laws of Nova Scotia, and continued to be inhabitants of and residents in that province from that time for more than six years next ensuing, to wit, on the 1st of March, 1827, that by the laws of Nova Scotia in force at the time when the supposed cause of action accrued, and ever since, all actions on the case upon promises are barred, unless commenced within six years after the cause of action accrued, that the supposed cause of action accrued to the plaintiff at Halifax on the 5th of February, 1821, and not afterwards, and that the plaintiff did not within six years next after that day commence an action for the same.

To this rejoinder the plaintiff demurred, assigning for cause, 1. that it was a departure from the plea ; — 2. that as it was founded upon the law of limitations of a foreign country, it was no defence to the plaintiff's action brought in this State ; and 3. that the law of Nova Scotia is not set forth specially.

*Sewall*, for the plaintiff, relied chiefly on the second ground of demurrer ; as to which he cited Angell on Limitations, 177 to 180 ; *Le Roy* v. *Crowninshield*, 2 Mason, 151 ; *Pearsall* v. *Dwight*, 2 Mass. R. 85 ; *Byrne* v. *Crowninshield*, 17 Mass. R. 55.

*S. D. Parker*, for the defendant, referred to *St.* 1786, *c.* 52, § 4, (of limitations) and contended that the exception in favor of " any person beyond sea," does not apply to foreigners    He argued likewise, that by the pleadings in this action, the defence is put upon the statute of limitations of Massachusetts and not upon that of Nova Scotia.

*Sewall*, in replying, cited *Wilson* v. *Appleton*, 17 Mass. R. 180 ; *Williams* v. *Jones*, 13 East, 439.

SHAW C. J. delivered the opinion of the Court. The facts upon which the question arises in the present case, are presented upon the pleadings ; and the general question is, whether a plaintiff, a subject of a foreign state, can maintain an action against a defendant, who is a subject of the same foreign state, upon a cause of action barred by a statute of limitations of the state, of which they were respectively subjects when the cause of action accrued. Several preliminary questions were raised upon the sufficiency of the pleadings, as whether the rejoinder is not bad as a departure, and whether the laws of Nova Scotia are pleaded with sufficient fulness and precision. But in the view which the Court take of the cause, these questions are unimportant, as they are satisfied, that the facts pleaded, as well those set forth in the bar, as those stated in the rejoinder, would not constitute a legal defence, in whatever form they might be pleaded.

The facts, so far as they are material, are these ; that the cause of action accrued in 1821, more than six years before the commencement of this action, that the plaintiff and defendant were both domiciled at Halifax in Nova Scotia, and were subjects of the king of Great Britain, and that by the law of that country, an action of assumpsit is barred in six years. It is stated in the replication, and admitted by the rejoinder, that the plaintiff came into this commonwealth, for the first time, in 1829, and that the action was commenced within six years from that time.

That the law of limitation of a foreign country, cannot of itself be pleaded as a bar to an action in this Commonwealth, seems conceded ; and is indeed too well settled by authority to be drawn in question. *Byrne* v. *Crowninshield*, 17 Mass. R. 55. The authorities both from the civil and the common law concur in fixing the rule, that the nature, validity, and construction of contracts, is to be determined by the law of the place where the contract is made ; and that all remedies for enforcing such contracts, are regulated by the law of the place where such remedies are pursued. Whether a law of prescription, or statute of limitation, which take away every legal mode of recovering a debt, shall be considered as affecting the contract, like payment, release, or judgment, which in

effect extinguish the contract, or whether they are to be con-
sidered as affecting the remedy only by determining the time
within which a particular mode of enforcing it shall be pursu-
ed, were it an open question, might be one of some difficulty.
It was ably discussed upon general principles in a late case
(*Le Roy* v. *Crowninshield*, 2 Mason's R. 151) before the
Circuit Court, in which, however, it was fully conceded by the
learned judge, upon a full consideration and review of all the
authorities, that it is now to be considered a settled question.
A doubt was intimated in that case, whether if the parties had
remained subjects of the foreign country until the term of limi-
tation had expired, so that the plaintiff's remedy would have
been extinguished there, such a state of facts would not have
presented a stronger case, and one of more serious difficulty.
Such was the case in the present instance ; but we think it
sufficient to advert to a well settled rule, in the construction of
the statute of limitations, to show that this circumstance can
make no difference. The rule is this ; that where the statute
has begun to run, it will continue to run, notwithstanding the
intervention of any impediment, which, if it had existed when
the cause of action accrued, would have prevented the opera-
tion of the statute. For instance, if this action accrued in
Nova Scotia in 1821, and the plaintiff or defendant had left
that country in 1825 within six years, in 1828, after the lapse
of six years, the action would be as effectually barred and the
remedy extinguished there, as if both had continued to reside
in Halifax down to the same period. So that when the par-
ties met here in 1829, so far as the laws of that country, by
taking away all legal remedy, could affect it, the debt was
extinguished, and that equally whether they had both remained
under the jurisdiction of those laws, till the time of limitation
had elapsed, or whether either or both had previously left it.
The authorities referred to, therefore, must be held applicable
to a case where both parties were subject to the jurisdiction
of a foreign state when the bar arising from its statute of limi-
tations attached.

The same conclusion results from the reason upon which
these cases proceed, which is, that statutes of limitation affect
only the time, within which a legal remedy must be pursued,

Bulger
*v.*
Roche.

39

and do not affect the nature, validity, or construction of the contract. This reason, whether well founded or not, applies equally to cases, where the term of limitation has elapsed, when the parties leave the foreign state, as to those, where it has only begun to run before they have left the state, and elapses afterwards.

But though it is not much insisted that the foreign statute can itself be pleaded as a substantive bar, still it is contended that it avoids the exception within which the plaintiff has attempted to bring himself by his replication.

The statute itself provides that it shall not be understood to bar any person, beyond sea, without any of the United States, from bringing such action within the term limited, reckoning from the time that such impediment shall be removed. This proviso in terms excludes the operation of the statute in all cases, where the plaintiff is out of the Commonwealth at the time the cause of action accrues, without distinguishing whether the plaintiff be a citizen, or one who has formerly resided in the State and who is casually absent, or a foreigner who has never been within it. And so it has been decided. *Wilson* v. *Appleton*, 17 Mass. R. 180.

This proviso also excludes the operation of the statute, when the defendant is out of the State and until six years after he shall *return*. The construction of this clause also has been, notwithstanding the use of the word " return," that it applies as well to foreigners coming into the State originally, as to citizens who have been absent. *Dwight* v. *Clark*, 7 Mass. R. 515. But as these are entirely separate and independent exceptions to the operation of the statute, the existence of either of them is sufficient to take the case out of it. Here the plaintiff relies upon the first. He alleges, that his action was commenced within six years after he first came into this State, after the cause of action accrued. The statute declares that the limitation created by it shall not extend to such a case. How does the matter set forth in the rejoinder avoid it ? The fact that they were both foreigners has no such effect. Our law, conforming to the comity of all civilized states, gives effect to foreign contracts and obligations, which follow the persons respectively when the contracts are not immoral or injurious.

The plaintiff having a right to sue in our courts, must conform to our law, as to the time of bringing his action, and all other particulars affecting his remedy. That remedy is not barred or taken away by our statute of limitations, until six years have elapsed after both the plaintiff and the defendant have been within the jurisdiction of the Commonwealth.

How does the existence of a foreign law of the like kind, which would merely affect the remedy within its own jurisdiction, control or affect the statute of limitations which regulates the remedy here ? The statute itself makes no such distinction, and none can be implied either from its letter or spirit.

On the whole the Court are of opinion, that the plaintiff is within the terms and spirit of the exception to the statute of limitations, and that his action therefore is not barred by it. The rejoinder is adjudged bad and insufficient, and judgment must be rendered on the verdict.[1]

Bulger
v.
Roche.

[1] See Story on Confl. of Laws, § 582 *b.*; *Huber* v. *Steiner*, 2 Bingh. N. R. 211; *S. C.* 4 Moore & Scott, 328; *Don* v. *Lippman*, 5 Clark & Fin. 1; *Sissons* v. *Bicknell*, 6 N. H. R. 557; *Dunning* v. *Chamberlin*, 6 Vermont R. 127; *Goodman* v. *Munks*, 8 Porter's (Ala.) R. 84; *Shelby* v. *Guy*, 11 Wheaton, 361; *Little* v. *Blunt*, 16 Pick. 359; *Whitney* v. *Goddard*, 20 Pick. 310.