ISAAC RAWSON AND T. SCOTT THATCHER v. JOHN DAVIDSON.

*Negotiability destroyed by seal.*

The addition of a seal to the signature of the maker of a promissory note destroys its negotiability by converting it into an instrument suable in covenant, whereby the period of limitation to an action upon it is enlarged to ten years, and it is withdrawn from the class of paper declared by Howell's Statutes § 1577 to be "negotiable in like manner as inland bills of exchange."

Error to Saginaw. Submitted Jan. 4. Decided Jan. 10.

ASSUMPSIT. Defendant brings error. Reversed.

*W. S. Tennant* for appellant. A promissory note or bill of exchange is "open," or unsealed: Edwards on Bills §§ 124-46, 208; Dan. Neg. Inst. §§ 28-31; and in Michigan are on a different basis from sealed instruments: Comp. L. ch. 35; if a seal be affixed to a paper in the form of a promissory note, with the words added "witness my hand and seal," it is thereby converted into the bond of the maker, and is not subject to the doctrine that is applicable to merchantable securities: *Warren v. Lynch* 5 Johns. 239; *Clark v. Farmers' Man. Co.* 15 Wend. 256; *Lewis*

*v. Wilson* 5 Blackf. 370 ; Chitty on Bills (13th Am. ed)
(*166,) 190 ; Story on Bills § 62 ; Story on Prom. Notes § 55 ;
and see *Garretson v. Purdy* — Dak. —: 14 N. W. Rep. 101.

*H. P. Smith* for appellee. Seals can be dispensed
with without losing any legal rights, and an unsealed in-
strument is of equal force as if a seal were attached : *Mc-
Kinney v. Miller* 19 Mich. 151 ; Comp. L. §§ 5937, 6194 ;
but the statutes do not make an unsealed instrument a
sealed one : *McCormick v. Bay City* 23 Mich. 463 ; the
seal is mere surplusage : 2 Pars. Cont. (5th ed.) 71.

GRAVES, C. J. This action was brought on an instrument
of the following tenor :

"$150.$\frac{00}{100}$.                    EAST SAGINAW, July 27, 1880.

"On or before the first day of November, 1880, I, the
subscriber of the town of Thomas, county of Saginaw,
State of Michigan, promise to pay to J. S. Case & Co., or
bearer, one hundred and fifty dollars at the First National
Bank, Saginaw City, for value received, with 7 per cent.
interest per annum from date until maturity, and 7 per
cent. interest on the amount due at maturity until paid, and
if suit is commenced, agree to pay 10 per cent. attorney's
fees, and consent that the same shall be taxed as costs, and
entered up as a part of the judgment. Witness my hand
and seal.                    JOHN DAVIDSON. [Seal.]

"In presence of W. H. Caffery, post-office, Saginaw City,
    county of Saginaw, Michigan."

The right to recover turned on the question whether the
addition of the seal so worked on the legal nature of the
instrument as to deprive it of the negotiable quality
accorded by the statute to promissory notes, and the circuit
judge held that it did not, and awarded judgment in favor
of the plaintiffs.

We cannot concur in this view.

The addition of the seal we think operated to enlarge the
remedial rights of the promisee under the statute of limit-
ations and rendered the contract suable in covenant at any
time within ten years after the accruing of the cause of
action. In the absence of the seal the time would be six

years. The paper was obviously made a specialty in order to secure remedial advantages, but when this was done it involved a waiver of particular qualities, and the contract was excluded from the description of instruments declared " *negotiable in like manner, as inland bills of exchange, according to the custom of merchants.*" 1 Comp. L. § 1550.

The judgment must be reversed and one entered here for defendant, with the costs of both courts.

The other Justices concurred.