J. Brainard Clarke vs. Edgar H. Pierce, executor.

Berkshire.    September 9, 1913. — October 21, 1913.

Present: Rugg, C. J., Morton, Braley, Sheldon, & De Courcy, JJ.

*Conflict of Laws. Limitations, Statute of. Bills and Notes.*

The statute of limitations being a matter of remedy, the question whether an action is barred by it is to be determined by the law of the forum.

A promissory note under seal, although the seal is unnecessary for its validity, is a contract under seal within the meaning of the provision of the statute of limitations contained in R. L. c. 202, § 1, and an action can be brought on it at any time within twenty years after the cause of action accrues.

A promissory note under seal, although it is a contract under seal within the meaning of the statute of limitations, is none the less a promissory note and properly is declared upon as such.

Morton, J. This is an action to recover upon a promissory note signed by the defendant's testator payable to the plaintiff or order. The note is under seal. There was a verdict for the plaintiff and the case is here on exceptions by the defendant to the refusal of the presiding judge,* to make certain rulings that were requested and to the charge so far as inconsistent with such rulings.

The note was dated "Chicago, Ill. Dec. 4th, 1894," and there was evidence tending to show that it was signed, sealed and delivered by the maker to the plaintiff in Chicago on the day of its date.

---

* Sanderson, J.

There was also evidence tending to show that William H. Clarke, the maker, died in Pittsfield January 26, 1911, and that he had been a resident of and a taxpayer in Pittsfield continuously since 1902. There was nothing to show what, if material, the law of Illinois was.

The principal question relates to the statute of limitations which is a matter of remedy and is governed by the law of the forum. *Bulger* v. *Roche,* 11 Pick. 36. By the law of this State actions on contracts under seal are limited to twenty years next after the cause of action accrues. R. L. c. 202, § 1. In order to avoid the effect of this provision the defendant contends that the seal should be treated as surplusage, or if not, that the note still remains and is to be considered as a simple contract, in which case the action is limited to six years next after the cause of action accrues. R. L. c. 202, § 2.

There is no doubt that where a seal is not required or where it has no effect it may be disregarded. *Sherman* v. *Fitch,* 98 Mass. 59. *Blanchard* v. *Blackstone,* 102 Mass. 343. A negotiable promissory note does not require a seal but there is nothing in its character which prevents the parties from affixing a seal to it, if they choose to do so, and thereby rendering it effectual as a contract under seal. It is manifest that the parties intended the note in the present case to be under seal. It concludes "Given under my hand and seal this 4th day of Dec. 1894." There is nothing in the statute which excludes a note under seal from its operation. The provision in regard to witnessed notes has no bearing on the question whether a note under seal is a contract under seal within the meaning of the statute. It relates to an entirely different kind of note and cannot be construed as excluding notes under seal from the operation of the twenty year limitation. If the effect of regarding the note as a contract under seal is to extend the period of limitation from six years to twenty, it cannot be said that the seal is of no consequence and may therefore be disregarded. What effect, but for the statute, the seal would have had upon the negotiability of the note in this State it is not necessary to consider. That question was explicitly left open in *Richards* v. *Barlow,* 140 Mass. 218, 220. It is now expressly provided by statute that the validity and negotiability of an instrument shall not be affected by the fact, amongst others, that it bears a seal. R. L. c. 73, § 23,

cl. 4. It had long been provided by statute in this State before the passage of the negotiable instruments act, so called, that a bond or other obligation under seal issued by a corporation and purporting to be payable to order or the bearer should be negotiable in the same manner and to the same extent as a promissory note, (Pub. Sts. c. 77, § 4; Gen. Sts. c. 53, § 6; St. 1852, c. 76,) and hence the question which has arisen in other jurisdictions as to the negotiability of such instruments has not come up for discussion here. *Mercer County* v. *Hacket,* 1 Wall. 83. It follows from what has been said that the note in suit must be regarded as a contract under seal within the meaning of the provision in the statute of limitations in regard to such contracts, and that the action is not barred; and so is the weight of authority. *Garner* v. *Toney,* 107 Ala. 352. *Simpson* v. *Brown-Desnoyers Shoe Co.* 70 Ark. 598. *Barnes* v. *Walker,* 115 Ga. 108. *Rawson* v. *Davidson,* 49 Mich. 607. *Munro* v. *Hill,* 25 S. C. 476. *Brown* v. *Jordhal,* 32 Minn. 135. *Welfare* v. *Thompson,* 83 N. C. 276. *Biery* v. *Haines,* 5 Whart. 563. 25 Cyc. 1035. Wood on Limitations, § 29. 1 Dan. Neg. Instr. (3d ed.) §§ 31, 32.

The instrument was rightly declared on as a promissory note. The rulings requested were rightly refused.

*Exceptions overruled.*

*C. P. Niles,* (*J. W. Lewis & F. M. Myers* with him,) for the defendant.

*J. F. Noxon & M. L. Eisner,* for the plaintiff, were not called upon.