JOE FRANCIS, BY HIS NEXT FRIEND, EVE FRANCIS, v. CAROLINA WOOD TURNING COMPANY ET AL.

(Filed 9 October, 1935.)

**Master and Servant F a—Compensation Act held a bar to plaintiff employee's right to maintain suit at common law.**

Plaintiff and his employer were bound by the provisions of the Workmen's Compensation Act. On the morning of plaintiff's injury he was not working for his employer, but was allowed by his employer to use the machinery for his own personal ends. Compensation was denied under the Compensation Act for that the accident did not arise out of and in the course of the employment. Thereafter plaintiff instituted this action, alleging negligence on the part of the employer. *Held:* Judgment as of nonsuit was properly entered at the close of all the evidence, for even conceding that the evidence established negligence of defendant employer, the Compensation Act barred all other rights and remedies of defendant employee except those provided in the act.

APPEAL by plaintiff from *Hill, Special Judge,* at January Term, 1935, of SWAIN. Affirmed.

This is an action to recover damages for personal injuries suffered by the plaintiff while he was operating a cut-off or rip saw in the plant of the defendant. It is alleged in the complaint that plaintiff's injuries were caused by the negligence of the defendant.

At the date of his injuries, and for about one year prior thereto, plaintiff was and had been an employee of the defendant, and as such employee had worked for the defendant in its wood turning plant. Both the plaintiff and the defendant were subject to the provisions of the North Carolina Workmen's Compensation Act.

The plaintiff was injured on or about 4 September, 1931. He went into the plant of the defendant during the morning of the day he was injured, and, upon being informed by his foreman that there was no work in the plant for him that morning, he requested the foreman to permit him to use the cut-off or rip saw for the purpose of making a table for his own use. The request was granted. While using the saw, plaintiff's hand was caught in the saw and was injured.

Shortly after he was injured, plaintiff instituted a proceeding before the North Carolina Industrial Commission for compensation under the provisions of the North Carolina Workmen's Compensation Act. Compensation was denied by the Industrial Commission on its finding that plaintiff's injuries were not the result of an accident which arose out of and in the course of his employment. Plaintiff did not appeal from the award denying compensation.

This action was begun in the Superior Court of Swain County. At the close of the evidence, on the motion of the defendant, the action was dismissed by judgment as of nonsuit. Plaintiff appealed to the Supreme Court.

*Moody & Moody and I. C. Crawford for plaintiff.*
*Johnston & Horner for defendants.*

CONNOR, J. The judgment in this action is affirmed on the authority of *Pilley v. Cotton Mills,* 201 N. C., 426, 160 S. E., 479. The facts alleged in the complaint and admitted by the demurrer in that case are identical with the facts shown by all the evidence in the instant case. The demurrer was sustained by the Superior Court, and its judgment was affirmed by this Court on plaintiff's appeal.

In the opinion in that case it is said: "Under the Workmen's Compensation Law every employer and employee, except as therein stated, is presumed to have accepted the provisions of the act, and to pay and accept compensation for personal injuries or death as therein set forth. The plaintiff, not being in the excepted class, is bound by the presumption. P. L. 1929, ch. 120, sec. 4. It follows by the express terms of the statute (sec. 11) that the rights and remedies thus granted to an employee exclude all other rights and remedies of such employee as against his employer at common law, or otherwise, on account of the injury, loss of service, or death. The appellant's suggested distinction between an

injury by accident and an injury resulting from a negligent act cannot avail him. By mutual concession between the employer and employee who are subject to the compensation law the question of negligence is eliminated. *Conrad v. Foundry Co.,* 198 N. C., 723."

Conceding without deciding that there was evidence at the trial of the instant case tending to show that plaintiff was injured by the negligence of the defendant, as alleged in the complaint, he cannot recover in this action for the reason that both he and the defendant were bound by the provisions of the North Carolina Workmen's Compensation Act. One of the provisions of this act is that "the rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this chapter, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employees, his personal representatives, parents, dependents, or next of kin, as against the employer, at common law or otherwise, on account of such injury, loss of service, or death."

Affirmed.