Joseph F. O'Connell, Boston, Mass., for plaintiff.

Dana J. Kelly, Boston, Mass., for defendant.

Raymond BONSANT, Plaintiff,

v.

Joseph RUGO, Defendant.

Civ. A. No. 59-212.

United States District Court
D. Massachusetts.

Feb. 7, 1961.

CAFFREY, District Judge.

The defendant has re-pressed a motion for summary judgment which at an earlier stage of the case was denied without prejudice by another Judge of this Court. The motion is based on the claimed expiration of the Massachusetts statute of limitations, General Laws, Ch. 260, Sec. 2A. Plaintiff resists the motion by contending that the Massachusetts statute of limitations does not apply and that the six-year Maine statute of limitations should determine whether or not the action is time barred.

This is a diversity action of tort for negligence. It is alleged that plaintiff while employed as a laborer by defendant, who was engaged in the construction of a multistory building in Augusta, Maine, fell part way down a portable

elevator shaft a distance of 15 to 18 feet. Plaintiff alleges that the fall, which caused him to suffer serious personal injuries, was the result of negligence of the elevator operator. The accident occurred on March 22, 1956. The complaint was filed on March 9, 1959.

In a diversity case, a Federal district court must apply the substantive law of the State in which it sits including the State law of Conflict of Laws. Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. More specifically with reference to statutes of limitation, the Supreme Court in Guaranty Trust Co. of New York v. York, 326 U.S. 99, at page 110, 65 S.Ct. 1464, at page 1470, 89 L.Ed. 2079, said: "If a plea of the statute of limitations would bar recovery in a State court, a federal court ought not to afford recovery."

The question before this Court on the instant motion is, therefore, to determine whether under the law of Massachusetts a Massachusetts trial court would apply the Maine or the Massachusetts statute of limitations.

In Clarke v. Pierce, 215 Mass. 552, at page 553, 102 N.E. 1094, the Court said, "The principal question relates to the statute of limitations which is a matter of remedy and is governed by the law of the forum."

The case of Sylvania Electric Products Co. v. Barker, 1 Cir., 228 F.2d 842, relied on by plaintiff, is not in point, by reason of the fact that at the times material to the decision of that case, the Massachusetts statute of limitations, then General Laws, Ch. 260, Sec. 2, provided a six-year period for the bringing of the type of non-auto tort therein involved, whereas now, the amended Massachusetts statute of limitations, General Laws, Ch. 260, Sec. 2A, (Acts of 1948, Ch. 274, Sec. 2) provides a two-year period of limitation for the bringing of such actions. In the Sylvania case, the contention of defendant was that the so-called "borrowing" statute, General Laws, Ch. 260, Sec. 9, which provided "no action shall be brought by any person upon a cause of action which was barred by the laws of any state or country while he resided therein" applied to the facts of that case. In the instant case the forum has the shorter of the two allegedly relevant statutes of limitation; hence, General Laws, Ch. 260, Sec. 9, has no application to the facts of this case.

Motion allowed. Judgment for the defendant.