MARY LOUISE BROWN, Administratrix for the Estate of WILLIAM OSCAR BROWN v. MOTOR INNS OF CAROLINA, INC.

No. 792SC714

(Filed 3 June 1980)

Master and Servant § 87.1– employee drowning in pool – no work related injury – no exclusive jurisdiction in Industrial Commission

In an action to recover for the wrongful death of plaintiff's intestate who drowned in defendant employer's swimming pool after he had completed his day's work and while he was attending a birthday party for another em-

ployee, the death of plaintiff's intestate occurred outside the employment contract, and plaintiff's claim therefore fell outside the exclusive jurisdictional provisions of the Workers' Compensation Act.

APPEAL by plaintiff from *Fountain, Judge.* Judgment entered 21 May 1979 in Superior Court, MARTIN County. Heard in the Court of Appeals 25 February 1980.

On 8 June 1978 plaintiff filed this negligence action to recover damages for the wrongful death of her intestate, William Oscar Brown, who died on 16 June 1976 as a result of suffocation by drowning in defendant's swimming pool. The incident occurred after plaintiff's intestate, an employee of defendant, had completed his day's work and while he was attending an impromptu birthday celebration given for another employee at the pool area. Defendant answered, denying negligence on its part, and asserted that plaintiff's intestate was contributorily negligent.

In addition, defendant moved to dismiss the action for want of subject matter jurisdiction in that plaintiff's rights, if any, were governed by the Workers' Compensation Act. Defendant's motion was based on a denial of plaintiff's previous claim for compensation benefits against defendant and defendant's insurance carrier. In an opinion dated 25 March 1977, the Deputy Commissioner ruled that the death of plaintiff's intestate "did not arise out of and in the course of the employment because the social event attended by him after work was not a regular incident of the employment, was not required as a condition of employment, did not constitute remuneration in leiu of wages and did not involve substantial direct benefit to the employer." No appeal was taken from this order.

By agreement between the parties, the trial court treated defendant's motion to dismiss as a motion for summary judgment under G.S. 1A-1, Rule 12(b) and G.S. 1A-1, Rule 56 of the North Carolina Rules of Civil Procedure. The court considered, in addition to the pleadings, the opinion of the Deputy Commissioner denying plaintiff's claim for benefits. That order included the stipulation of the parties that they were "bound by and subject to the provisions of the North Carolina Work[ers']

Compensation Act." On 21 May 1979, the trial court entered summary judgment in favor of defendant and dismissed plaintiff's claim with prejudice. Plaintiff appeals.

*Hulse and Hulse, by Herbert B. Hulse, and Duke and Brown, by John E. Duke, for plaintiff appellant.*

*Battle, Winslow, Scott and Wiley, by Samuel S. Woodley, for defendant appellee.*

MORRIS, Chief Judge.

Plaintiff assigns error to the trial court's granting summary judgment in favor of defendant. Although the judgment is not clear as to the basis for the court's ruling, both plaintiff and defendant address in their briefs the issue of whether the disposition of plaintiff's previous claim for death benefits under the Workers' Compensation Act [the Act] precludes plaintiff's present tort action to recover for the wrongful death of her intestate.

The question of coverage under the Worker's Compensation Act is commonly raised by a defendant who seeks to defend a negligence action by alleging exclusive jurisdiction in the Industrial Commission because of plaintiff's employment by defendant at the time the injuries were incurred, thus limiting plaintiff to recovery of compensation benefits. *E.g., Horney v. Meredith Swimming Pool Co.*, 267 N.C. 521, 148 S.E. 2d 554 (1966); *Barber v. Minges*, 223 N.C. 213, 25 S.E. 2d 837 (1943); *McCune v. Rhodes-Rhyne Manufacturing Co.*, 217 N.C. 351, 8 S.E. 2d 219 (1940); *Francis v. Carolina Wood Turning Co.*, 208 N.C. 517, 181 S.E. 628 (1935). Exclusive jurisdiction is based on G.S. 97-10.1, which provides as follows:

If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the em-

ployer at common law or otherwise on account of such injury or death.

This section implements the purpose of the Act, which is to provide certain limited benefits to an injured employee regardless of negligence on the part of the employer, and simultaneously to deprive the employee of certain rights he had at the common law. *Bryant v. Dougherty*, 267 N.C. 545, 148 S.E. 2d 548 (1966); *Hicks v. Guilford County*, 267 N.C. 364, 148 S.E. 2d 240 (1966).

Our Supreme Court has created an exception to the operation of G.S. 97-10.1 in cases where the injury arises from activities disconnected with the employment. In *Barber v. Minges, supra*, plaintiff's intestate died as a result of an accident occurring while he was on a fishing trip as a guest of his employer, who customarily provided an annual outing for his employees and their families "in the promotion of good will". In a subsequent negligence suit against defendant and his company, the trial court granted defendants' motion to dismiss based on the ground that the North Carolina Industrial Commission had exclusive jurisdiction over the case under the Workers' Compensation Act. On appeal, defendants contended that the Act "excludes all remedies other than through the Industrial Commission, whether plaintiff be invitee or licensee; whether he be on the job, or off the job; whether the accident arises out of employment, or independently of employment." 223 N.C. at 215, 25 S.E. 2d at 838. The Court rejected this argument, stating:

> Carried to its logical extreme, this would confer immunity from liability upon an employer who inflicts a negligent injury on an employee while the latter is not engaged in any activity of his employment and is far from the scene of his duties, while he is on the way to the grocer or to church, or wherever he has the right to be in the pursuit of his own affairs. The contention is too sweeping to merit serious attention except for the fact that counsel for defense cite certain decisions of this Court which have been recognized as having that significance. *Pilley v. Cotton Mills*, 201 N.C., 426, 160 S.E., 479; *Francis v. Wood Turning Co.*, 208 N.C., 517, 181 S.E., 628.

223 N.C. at 215, 25 S.E. 2d at 838. The Court characterized the Act as concerning itself with the relation of master and servant and their mutual rights and liabilities, which in the Court's opinion, did not extend beyond the context of "employment":

> The incidence of the law is on the status created by the contract of employment. It deals with the incidents and risks of that employment, in which concededly is included the negligence of the employer in that relation. It has no application outside the field of industrial accident; and does not intend, by its general terms, to take away common law or other rights which pertain to the parties only as members of the general public, disconnected with the employment ... Expressions in [the Act] regarding the surrender of the right to maintain common law or statutory actions against the employer are not absolute — not words of universal import, making no contact with time, place or circumstance. They must be construed within the framework of the Act, and as qualified by its subject and purposes.

223 N.C. at 216, 25 S.E. 2d at 839. Distinguishing prior cases which held the Act controlling on the issue of jurisdiction, the Court ruled that the Act was inapplicable to the facts of that case, in that the outing sponsored by defendant occurred on Sunday, plaintiff's intestate was not paid for attendance, but was merely invited, plaintiff's intestate was not under the control and direction of defendant during the outing, and plaintiff's intestate owed no duty to defendant or to other invited guests.

In *Bryant v. Dougherty, supra,* the *Barber* decision was applied to determine the jurisdiction of the Industrial Commission in a malpractice action against a physician who was not employed by defendant but was merely selected by defendant to treat an employee for injuries received while in defendant's employ. In holding that the Act did not confer upon the Industrial Commission jurisdiction over an action by an injured employee against a physician for injuries due to the physician's negligence in treating the employee, the Court reiterated its position regarding the dispositive nature of the employer-employee realtionship:

> The Workmen's Compensation Act relates to the rights and liabilities of employee and employer by reason of injuries and disabilities arising out of and in the course of the employment relation. Where that relation does not exist the Act has no application. *Hicks v. Guilford County*, 267 N.C. 364, 148 S.E. 2d 240. Where the employer and the employee are subject to and have accepted and complied with the provisions of the Act, the rights and remedies therein granted to the employee exclude all other rights and remedies in his favor against the employer. G.S. 97-10.1. The Act does not, however, take away any common law right of the employee, even as against the employer, provided the right be one which is disconnected with the employment and pertains to the employee, not as an employee but as a member of the public. [Citations omitted.]

267 N.C. at 548, 148 S.E. 2d at 551. The findings adopted by the trial court in the case before us reveal that the death of plaintiff's intestate occurred outside the employment context. Therefore, under the rationale in *Barber* and *Bryant*, it is our opinion that plaintiff's claim falls outside the exclusive jurisdictional provisions of the Workers' Compensation Act.

Defendant argues in addition that, even if the Industrial Commission lacked jurisdiction and plaintiff's action is not precluded on this ground, plaintiff's action is barred because defendant owed no duty to plaintiff's intestate from which a breach of duty could be established and that plaintiff's intestate contributed to his own death. From our review of the pleadings presented on motion for summary judgment, we find that substantial questions of material fact exist concerning the knowledge of both plaintiff's intestate and defendant of the condition of the pool area at the time plaintiff's intestate entered the pool. These issues should be developed at trial.

We, therefore, reverse the decision of the trial court and remand this action to the Superior Court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges VAUGHN and ARNOLD concur.