**Darrell G. HEMRIC, Plaintiff,**

v.

**REED AND PRINCE MANUFACTURING COMPANY, Defendant.**

**Civ. A. No. 82–0244–F.**

United States District Court,
D. Massachusetts.

Dec. 1, 1983.

Paul R. Sugarman, Boston, Mass., for plaintiff.

John P. Linehan, Boston, Mass., Neil Martin, Worcester, Mass., for defendant.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

The plaintiff, Darrell Hemric, brought an action to recover damages for personal injuries incurred during a shooting at his place of employment. The defendant, Reed and Prince Manufacturing Company, is a Massachusetts corporation with a principal

place of business in Worcester and a branch facility in High Point, North Carolina. By motion, defendant has presented the following issue for resolution by the Court: whether the three-year statute of limitations governing tort claims in Massachusetts bars this action. For the reasons stated herein, the Court responds in the affirmative.[1]

## THE FACTS

The facts of this case are somewhat unusual. The plaintiff was employed by Reed and Prince at its branch facility in High Point, North Carolina. One of the other fulltime employees, Doris Hicks, was involved in a volatile, sometimes violent, relationship with a man named Jimmie Lee Williams. Mr. Williams had a disruptive influence on both Mrs. Hicks and the work environment because of his frequent emotional telephone calls and visits to the facility. The regional manager, R.J. Smith, decided to terminate Hicks' employment. He instructed the plaintiff to keep a record of her comings and goings, hoping such a record would demonstrate tardiness, thus giving him an objective basis for the planned discharge.

On May 16, 1978, the plaintiff arrived at work at approximately 8:00 a.m. Moments after Hicks arrived approximately twenty-five minutes later, Williams appeared with a rifle. He shot and killed Hicks and then shot the plaintiff, rendering him paraplegic.

The plaintiff filed a claim for Worker's Compensation with the North Carolina Industrial Board ("Industrial Board"). Compensation was, at first, approved by the Deputy Commissioner on October 25, 1979 but the full Industrial Board vacated and set aside the original decision on September 19, 1980 because the plaintiff's injury did not arise out of his employment.

Plaintiff appealed the ruling of the Industrial Board and, on October 20, 1981, the North Carolina Court of Appeals affirmed the denial in a published opinion, *Hemric v. Reed and Prince,* 54 N.C.App. 314, 283 S.E.2d 436 (1981). The plaintiff filed this action in Massachusetts on July 12, 1982.

## THE STATUTE OF LIMITATIONS

On motion for summary judgment, the defendant argues that the Massachusetts three-year statute of limitations governing tort claims, M.G.L. c. 260 § 2A, bars this action because the case was filed on July 12, 1982, a full four years and two months after the shooting of April 12, 1978. The plaintiff advances several arguments, including a contention grounded in North Carolina law. At the outset, this motion presents a question of the choice of applicable law.

It is well established that a federal court exercising diversity jurisdiction will apply the conflict-of-laws rules of the state in which it sits. *Klaxon Company v. Stentor Electric Manufacturing Company, Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Therefore, this Court must ascertain, and is bound by, the choice of law of this forum.

In Massachusetts, as elsewhere, traditional conflicts principles apply, including the axiom that so-called "procedural" or remedial issues will be governed by the law of the forum. The statutes of limitations have usually been categorized as "procedural," so that the applicable Massachusetts limitation provision becomes the law of the case. *Brown v. Great American Indemnity Company,* 298 Mass. 101, 9 N.E.2d 547 (1937).

■ The plaintiff urges this Court to apply North Carolina law, specifically the Worker's Compensation Act which provides in relevant part:

> If the Commission, or the Supreme Court on appeal, shall adjudge that such a

---

1. Defendant raised a second ground for the motion for summary judgment: whether the exclusive remedy provision of the North Carolina Worker's Compensation Act bars this action at law. In light of the conclusion reached on the statute of limitations, however, the Court finds it unnecessary to consider the substantive effect the exclusive remedy provision would have on the case at bar. Likewise, the defendant's alternative motion for change of venue, 28 U.S.C. § 1404, need not be addressed.

claim is not within the article, the claimant ... shall have one year after the rendition of a final judgment ... to commence an action at law.

Section 97–24(b).[2] The plaintiff contends this clause creates a substantive right, not merely a remedial provision and, therefore, should be the law of the case. I cannot agree with this argument. The statute does not create a substantive right; it merely extends the time of filing in order to afford a judicial forum to persons who were not properly within the Act in the first instance. I reach this conclusion only after examining the body of law which has developed around the North Carolina Worker's Compensation Act.

■■■■■ When an employee pursues a remedy under Worker's Compensation and his claim is denied, he cannot then elect to sue the employer at common law. *Lee v. American Enka Company*, 212 N.C. 455, 193 S.E. 809 (1937). There is only one exception to this narrow reading of the exclusive remedy provision of the Act: an employee can later sue for recovery in common law if the incident occurred under circumstances "disconnected with employment." *Brown v. Motor Inns*, 47 N.C.App. 115, 266 S.E.2d 848 (1980). In order to make this established case law consistent with the language of Section 97–24 quoted by the plaintiff, I must conclude that the critical language, "not within the article," must encompass those cases which were not within the jurisdiction of the Act or those situations which are "disconnected with employment." In the instant case, even though the plaintiff was denied benefits because the injury did not "arise out of employment," both parties agree the claim was properly brought before the Industrial Board and involved an incident which was *connected* with employment. Hence, the one-year extension of Section 97–24 is inapplicable and the plaintiff is not entitled to any additional "substantive" right under the laws of North Carolina. Accordingly, in light of the conflicts principles of the

Commonwealth of Massachusetts, *Brown v. Great American Indemnity Company, supra,* as adopted by the federal court of our district, *Bonsant v. Rugo,* 190 F.Supp. 958 (D.Mass.1961), I hold that the statute of limitations applicable to the action now before me is contained in Chapter 260 § 2A of the Massachusetts General Laws.

■■■■ The plaintiff advances two additional arguments to counteract the effect of applying the Massachusetts three-year statute. First, the plaintiff submits the action was timely despite the application of the Massachusetts statute governing tort claims because the statute was tolled during the pendency of the compensation proceedings, *see Elkins v. Derby,* 12 Cal.3d 410, 115 Cal.Rptr. 641, 525 P.2d 81, 82–83 (1974). He argues the fundamental purpose of the statute of limitations is to ensure timely notice to the adverse party so a proper defense may be prepared and this purpose has been served because the plaintiff initiated an action under Worker's Compensation within months of the incident. I do not find this argument persuasive.

When the plaintiff filed a claim for Worker's Compensation, he gave notice only of an intent to pursue compensation through the provisions of the Act. This filing could not have served notice of intent to pursue a negligence action because the North Carolina exclusive remedy provision would forever bar a Worker's Compensation claimant from bringing a later action in tort, *Lee v. American Enka Company, supra.* It would have been reasonable for the defendant to assume that the plaintiff had elected Worker's Compensation as his exclusive remedy and the defendant would have prepared his defense only with agency proceedings in mind. Accordingly, the policy of the statute of limitations would be contravened if the plaintiff's contention were adopted by the Court. I, therefore, conclude that the statute of limitations did not toll during the pendency of the compensation proceedings.

---

2. The North Carolina statute of limitations governing tort claims is identical to Massachusetts

law. Actions must be instituted within three years of accrual. Section 1–52(16).

The plaintiff's second argument under Massachusetts law is grounded upon Chapter 260 § 32 of the Massachusetts General Laws which provides in relevant part:

[I]f, after judgment for the plaintiff, the judgment of any court is vacated or reversed, the plaintiff ... may commence a new action for the same cause within one year after the dismissal ... or the reversal of the judgment.

The plaintiff argues the applicability of this "saving provision" to the instant case.

Massachusetts courts have not yet placed compensation proceedings within the scope of this statute. The plaintiff offers a decision from an Oklahoma court to illustrate his proposition. *See William v. Oklahoma National Stockyards Company*, 577 P.2d 906 (Okl.1978). While I am not adverse to adopting a novel rule of law when the proper set of facts are before me, this case does not present such an opportunity. The plaintiff, however, received a favorable decision from the Deputy Commissioner. If this latter decision were construed as a "judgment for the plaintiff" in conformity with the statute, then the holding of the Industrial Board becomes the "reversal" and the present action is barred because the suit was filed over a year after reversal of the favorable judgment. I therefore must conclude the facts of the case before me do not fall within the scope of the saving provision, M.G.L. c. 260 § 32. Accordingly, this suit is barred by the operation of Chapter 260 § 2A of the Massachusetts General Laws.

I realize full well that by granting defendant's motion, the Court renders a harsh result: a man who has sustained serious permanent injuries has been barred from an opportunity to press his claim for compensation. But the law, I believe, is clear and limitation statutes serve an important function.

I, therefore, hold that the applicable law is contained in Chapter 260 § 2A of the Massachusetts General Laws. Accordingly, the motion of the defendant for summary judgment shall be granted on the ground that the three-year statute of limitations governing tort claims bars the action. F.R.Civ.P. 56.

It is So Ordered.