**Darrell G. HEMRIC, Plaintiff, Appellant,**

v.

**REED AND PRINCE MANUFACTUR-ING COMPANY, Defendant, Appellee.**

No. 83–1922.

United States Court of Appeals, First Circuit.

Argued April 2, 1984.

Decided July 5, 1984.

Steven L. Hoffman, Boston, Mass., with whom Richard L. Burpee and Sugarman & Sugarman, P.C., Boston, Mass., were on brief, for plaintiff, appellant.

Philip J. MacCarthy, Worcester, Mass., with whom John F. Hurley, Jr., Mason, Crotty, Dunn & MacCarthy and Neil A. Martin, Worcester, Mass., were on brief, for defendant, appellee.

Before COFFIN and ALDRICH, Circuit Judges, and BONSAL,* Senior District Judge.

COFFIN, Circuit Judge.

The District Court for the District of Massachusetts granted the defendant's motion for summary judgment, holding that plaintiff's tort action is barred by the Mas-

---

* Of the Southern District of New York, sitting by designation.

sachusetts statute of limitations. 575 F.Supp. 254. Plaintiff appeals, arguing that his action is timely. We affirm.

The plaintiff, Darrell G. Hemric, was left a paraplegic by gunshot wounds he suffered while sitting at his desk in the High Point, North Carolina office of the defendant, Reed and Prince Manufacturing Company, a Massachusetts corporation. Hemric was shot on the morning of May 16, 1978, by Jimmie Lee Williams, the estranged boyfriend of one of Hemric's co-workers, Doris M. Hicks. When Hicks arrived for work that morning Williams emerged from a hiding place and fatally wounded her with three shots from a rifle. He then turned the gun on Hemric and fired four shots at him, wounding him seriously.

Hemric initially sought an award of worker's compensation benefits. His application, which was filed with the North Carolina Industrial Commission, was approved by the Deputy Commissioner on October 25, 1979. But on September 19, 1980, the full Industrial Commission vacated the award, concluding that Hemric's injury did not arise out of his employment. The Board's decision was affirmed on October 20, 1981 by the North Carolina Court of Appeals. The North Carolina Supreme Court denied a request for discretionary review on January 12, 1982. The present action, based on negligence, was filed in the District Court for the District of Massachusetts on July 12, 1982.

Hemric argues that the district court should have applied the North Carolina rather than the Massachusetts statute of limitations; that his action is timely even under the Massachusetts statute of limitations; and that the exclusive remedy provision of the North Carolina worker's compensation act does not bar this action. Since we share the district court's conclusion that this action is untimely, we have not considered the applicability of North Carolina's exclusive remedy provision.

The Massachusetts statute of limitations provides that tort actions must be brought within three years from the time the cause of action accrues. Mass.Gen.Laws Ann. ch. 260, § 2A (West Supp. 1983). Hemric was injured on May 16, 1978, more than four years before he filed this action on July 12, 1982. That led the district court to conclude that this action is barred by the Massachusetts statute of limitations.

Hemric contends that the district court erred in applying the Massachusetts statute of limitations rather than that of North Carolina. Even though North Carolina also has a three year statute of limitations for tort actions, N.C.Gen.Stat. § 1–52(16), Hemric argues that his action is timely under a more specific North Carolina statute, N.C.Gen.Stat. § 97–24, which allows claimants whose compensation claims are dismissed by the Industrial Commission for lack of jurisdiction one year "after the rendition of a final judgment in the case within which to commence an action at law".

■ We are not convinced that this provision would render Hemric's action timely, but we have no need to resolve the issue because we conclude that the district court properly applied the Massachusetts statute of limitations to Hemric's action. In arguing that a Massachusetts court would apply the North Carolina statute of limitations, Hemric contends that Massachusetts would depart from its long settled rule that the statute of limitations is a matter of procedure governed by the law of the forum. *E.g.*, *Brown v. Great American Indemnity Co.*, 298 Mass. 101, 104, 9 N.E.2d 547 (1937); *Clarke v. Pierce*, 215 Mass. 552, 553, 102 N.E. 1094 (1913); *Bulger v. Roche*, 28 Mass. (11 Pick.) 36, 38–39 (1831).

While Massachusetts has recently indicated a willingness to apply modern modes of conflict analysis to substantive choice of law problems, *e.g.*, *Choate, Hall & Stewart v. SCA Services, Inc.*, 378 Mass. 535, 392 N.E.2d 1045 (1979); *Pevoski v. Pevoski*, 371 Mass. 358, 358 N.E.2d 416 (1976), we are aware of no case suggesting that Massachusetts would abandon the traditional rule that the local law of the forum determines whether an action is barred by a statute of limitations. Significantly, this traditional rule is codified in the new Re-

statement of Conflicts, Restatement (Second) of Conflicts § 142 (1971), an authority the Massachusetts Supreme Judicial Court has regularly looked to for guidance in opinions employing modern conflict analysis, *e.g. Cohen v. McDonnell Douglas Corp.*, 389 Mass. 327, 336, 450 N.E.2d 581 (1983); *Morris v. Watsco, Inc.*, 385 Mass. 672, 433 N.E.2d 886 (1982); *Saharceski v. Marcure*, 373 Mass. 304, 366 N.E.2d 1245 (1977). Since the North Carolina statute appears to grant a procedural rather than substantive right, we find that the district court properly concluded that the timeliness of plaintiff's action should be determined by reference to the statutes of limitation of Massachusetts.

■ This does not end our inquiry, however, because Hemric contends his action is timely even under Massachusetts law. He argues both that his action was saved by Mass.Gen.Law ch. 260, § 32, and that the statute of limitations was tolled during the pendency of his claim for worker's compensation.

Mass.Gen.Law ch. 260, § 32 provides in part that:

> "[i]f an action ... is dismissed for insufficient service of process ..., or if, after judgment for the plaintiff, the judgment of any court is vacated or reversed, the plaintiff ... may commence a new action for the same cause within one year after the dismissal or other determination of the original action, or after the reversal of the judgment ...."

Hemric urges us to hold that his action is timely under this section. Although he acknowledges that the judgment of the North Carolina Industrial Commission was not technically the "judgment of any court", and that his present cause of action—a tort claim for damages—is not really the "same cause" as a claim for compensation benefits, he argues that the Supreme Judicial Court of Massachusetts would interpret § 32 liberally and find that this claim comes within its terms.

In rejecting this argument the district court wrote that it is not averse to adopting a novel rule of law, but that it does not

believe that this case presents a proper opportunity. We are of like mind. Though we are sympathetic to the plaintiff's plight, we cannot find on these facts that plaintiff's action was saved by § 32. In addition to the objections noted by the district court—that the decision of the Industrial Commission was not the "judgment of any court" and that this action was not filed within one year of the Board's reversal of the Deputy Commissioner's "judgment" for plaintiff—we observe that plaintiff's present cause of action is not the same as the one he pressed in North Carolina, which is yet another ground for finding § 32 inapplicable to the present action.

■ Finally, Hemric contends that the three year statute of limitations provided by Mass.Gen.Laws ch. 260, § 2A was tolled during the pendency of his worker's compensation claim. The district court concluded that the filing of the compensation claim did not give the defendant adequate notice that it might be subject to a negligence action and thus ruled that the statute was not tolled. In response Hemric points to a decision of the California Supreme Court, *Elkins v. Derby*, 12 Cal.3d 410, 115 Cal.Rptr. 641, 525 P.2d 81 (1974), which held that California's statute of limitations is tolled during the pendency of worker's compensation proceedings. Hemric contends that the Massachusetts Supreme Judicial court would come to the same conclusion, because the filing of a compensation claim provides a defendant with adequate notice to allow it to prepare a defense. Moreover, Hemric argues, failure to find that the statute was tolled will result in many duplicative filings as future plaintiffs will seek to protect themselves by filing both compensation claims and negligence actions.

Though these may be good arguments, we must reject Hemric's appeal because we do not believe that the Supreme Judicial Court of Massachusetts would find that the statute was tolled by the pendency of his compensation claim. Several factors support our conclusion. First, the absence of any statutory provision mandating tolling

**4**

in this situation. Since the Massachusetts legislature has provided by statute for tolling of the statute of limitations in a number of circumstances, Mass.Gen.Laws ch. 260, §§ 7–12, the Massachusetts courts are reluctant to create further exceptions. *See Buker v. National Management Corp.*, 16 Mass.App. 36, 448 N.E.2d 1299 (1983). Second, the Supreme Judicial Court has indicated in its own opinions that the pendency of an administrative proceeding will not toll the statute of limitations for actions arising out of the same facts and between the same parties. In *J & J Enterprises, Inc. v. Martignetti*, 369 Mass. 535, 341 N.E.2d 645 (1976), for instance, the court held that the plaintiff's claim for damages should be stayed pending the outcome of an administrative proceeding because dismissal would have given "rise to serious problems in the application of the statute of limitations". 369 Mass. at 540. If the pendency of the administrative proceeding had tolled the statute of limitations, the court would not have had to stay the action to preserve the plaintiff's claim.

*The judgment of the district court is affirmed. Costs shall be borne by the plaintiff.*

BAILEY ALDRICH, Senior Circuit Judge, concurring specially.

I have one problem with the court's opinion, its assumption that the North Carolina tolling statute is procedural, such that the Massachusetts courts would not apply it under their choice of law rules. Rather, I see a substantive purpose, that there is no point to an employee having to proceed before the Industrial Commission and the courts at the same time; indeed, that there is a strong policy argument against it. I do not regard the tolling statute as a procedural favor to employees, but as a reflection of that policy; an important part of the statutory scheme, and a substantive benefit to employers, employees, and the state alike. In this case three years had run before the decision of the North Carolina Court of Appeals had affirmed the decision against plaintiff, and defendant, a Massa-

chusetts company, has had the benefit of not being sued while that matter was pending. I do not find it at all clear that the Massachusetts court would have rejected the substantive purpose behind the statute. The fact that Massachusetts has no comparable tolling statute is not the answer.

This, however, is an unusual case, and not a matter of sufficient general importance to induce my pursuing it further unless I thought it would help this particular plaintiff, which I do not. A study of the North Carolina decisions persuades me that plaintiff's suing in Massachusetts was based on a realization that he probably could not recover in that state, and that his only hope was to persuade us, somehow, to avoid that result. Regretfully, I cannot see a way properly to do so. Accordingly, I concur in the dismissal of the action.